IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTOINETTE MARQUEZ,

    Plaintiff,

v.                                                                        No. 1:24-cv-00423-KG-JMR

AMBER BAKER-CHAVEZ, *et al.*,

    Defendants.

**ORDER FOR FIFTH AMENDED COMPLAINT,
ORDER DENYING MOTION FOR DEFAULT JUDGMENT,
ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND TO STRIKE,
ORDER DENYING PLAINTIFF'S MOTIONS TO STRIKE
ORDER DENYING MOTION TO DENY ANSWER
AND NOTICE REGARDING COMPLIANCE WITH ORDERS AND RULES**

*Pro se* Plaintiff filed her original 113-page Complaint on May 2, 2024. *See* Doc. 1. United States Magistrate Judge Jennifer M. Rozzoni notified Plaintiff of several deficiencies in her Complaint, ordered Plaintiff to file an amended complaint, notified Plaintiff of her responsibility to become familiar with and to comply with the Federal and Local Rules of Civil Procedure, and notified Plaintiff that "[f]ailure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case." Order to Show Cause at 9, Doc. 5, filed May 14, 2024.

Plaintiff filed her Amended Complaint on June 4, 2024.[1] *See* Doc. 7. Judge Rozzoni notified Plaintiff:

---

[1] The Clerk's Office docketed Plaintiff's Amended Complaint as Plaintiff's "Second Amended Complaint." Consequently, the docket references to Plaintiff's subsequent Amended Complaints are also incorrect in terms of the numerical reference of the Amended Complaints, i.e. Third, Fourth, Fifth.

The Amended Complaint, however, does not provide sufficient notice to the Defendants of the claims against them nor does it allow the Defendants to prepare their defenses. It also fails to provide sufficient clarity for the Court to adjudicate the merits—in large part because the Amended Complaint is [90] pages in length.

> Rule 8(d)(1) requires "simple, concise, and direct" allegations. The complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious* [*v. Two Unknown B.I.C.E. Agents*], 492 F.3d [1158,] 1163 [(10th Cir. 2007)]. The purpose of these requirements is to provide notice to a defendant for preparing a defense and sufficient clarity for the court to adjudicate the merits. *Id.* . . . The sheer length of the [98-page] complaint makes it difficult to determine precisely what material facts support the various claims made.

*Lowrey*[ *v. Sandoval Cnty. Children Youth and Families Dep't,* No. 23-2035], 2023 WL4560223, at *2 [(10th Cir. July 17, 2023]).

Second Order to Show Cause at 3, Doc. 9, filed June 17, 2024. Judge Rozzoni ordered Plaintiff to file a second amended complaint containing simple, concise, and direct claims and not exceeding 50 pages. *See* Second Order to Show Cause at 4.

Plaintiff filed a 63-page Second Amended Complaint. *See* Doc. 10, filed June 28, 2024. Plaintiff subsequently filed a Motion to Amend the Second Amended Complaint. *See* Doc. 57, filed October 23, 2024. Plaintiff's Motion to Amend the Second Amended Complaint was not accompanied by the proposed amended complaint as required by the Local Rules of Civil Procedure. *See* D.N.M.LR-Civ. 15.1 ("A proposed amendment to a pleading must accompany the motion to amend"). On November 27, 2024, before the Court addressed Plaintiff's Motion to Amend the Second Amended Complaint, Plaintiff filed her 67-page Third Amended Complaint without seeking the position of the State Defendants. *See* Doc. 78; State Defendants' Motion to Strike Plaintiff's [Third] Amended Complaint at 4, Doc. 93, filed December 13, 2024;

2

Fed. R. Civ. P. 15(a) (after the time for amending a pleading once as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave").

Judge Rozzoni granted Plaintiff's Motion to Amend the Second Complaint stating "[t]he third amended complaint shall not exceed 50 pages." Order Granting in part Motion to Amend, Doc. 100, filed December 20, 2024. Plaintiff did not file an objection to Judge Rozzoni's Order that the third amended complaint shall not exceed 50 pages. Plaintiff filed a 74-page Fourth Amended Complaint. *See* Doc. 105, filed January 8, 2025.

Plaintiff has amended her Complaints without complying with Judge Rozzoni's Orders that the amended complaint not exceed 50 pages. Plaintiff's contentions that "there is no explicit rule in the Federal Rules of Civil Procedure that states a complaint must be less than 50 pages," that "Defendants would not be content if the complaint was under 50 pages," and that it is nearly impossible to state her claims in under 50 pages due to "the number of defendants, the complexity, and acts of depriving Plaintiff of her constitutional rights" do not justify Plaintiff's noncompliance with Judge Rozzoni's Order. If Plaintiff disagrees with Judge Rozzoni's Order, Plaintiff's remedy is not to ignore Judge Rozzoni's Order; her remedy is to file an objection pursuant to Fed. R. Civ. P. 72(a). If any Defendant is "not content" with a complaint not exceeding 50 pages, that Defendant may file a motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

The Court has reviewed Plaintiff's Fourth Amended Complaint and disagrees with Plaintiff's contention that it is impossible to state her claims in under 50 pages. Rule 8 of the Federal Rules of Civil Procedure only requires "a short and plain statement of the claim showing that the pleader is entitled to relief," comprised of "simple, concise, and direct" allegations which "explain what each defendant did to [Plaintiff]; when [each] defendant did it; how [each] defendant's action harmed [Plaintiff]; and, what specific legal right [Plaintiff] believes [each]

3

defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Several of the statements in the Fourth Amended Complaint are conclusory. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("Labels, conclusions, formulaic recitations of elements, and naked assertions will not suffice . . . Conclusory allegations are not entitled to the assumption of truth . . . In fact, we disregard conclusory statements). The Fourth Amended Complaint also contains many detailed factual allegations that are not necessary to make a "short and plain statement" of Plaintiff's claims. *See Nasious*, 492 F.3d 1163. Plaintiff may, and is required to, disclose the detailed information she may use to support her claims during discovery. *See* Fed. R. Civ. P. 26.

The Court orders Plaintiff to file a fifth amended complaint not exceeding 50 pages. The fifth amended complaint must comply with the Federal and Local Rules of Civil Procedure. The Court reminds Plaintiff that Judge Rozzoni identified deficiencies in Plaintiff's original Complaint and notified Plaintiff of Plaintiff's obligations under Rule 11(b) of the Federal Rules of Civil Procedure. *See* Order to Show Cause, Doc. 5, filed May 14, 2024. The Court notifies Plaintiff that it may impose sanctions, including dismissal of this case, if the claims and other legal contentions in the fifth amended complaint are not warranted by existing law. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").

**Order Denying Motion for Default Judgment**

Plaintiff seeks default judgments against Defendants Billy Cobos and Jennifer Lopez. *See* Motion for Default Judgment, Doc. 42, filed September 23, 2024. Defendants Cobos and Lopez have not appeared in this case. *See* Clerk's Entry of Default as to Billy Lopez, Doc. 86, filed

December 12, 2024; Amended Entry of Default as to Jennifer Lopez, Doc. 97, filed December 19, 2024.

> Default judgments are a harsh sanction. *M.E.N. Co. v. Control Fluidics, Inc.,* 834 F.2d 869, 872 (10th Cir.1987).
>
> > [S]trong policies favor resolution of disputes on their merits: "[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection."
>
> *H.F. Livermore,* 432 F.2d at 691, *quoted in Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.,* 715 F.2d 1442, 1444 (10th Cir.1983).
>
> > We do not favor default judgments because the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for delays in filing or other procedural error. However, a workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard.
>
> *Cessna Fin. Corp.,* 715 F.2d at 1444-45 (citations omitted); *see also Gomes v. Williams,* 420 F.2d 1364, 1366 (10th Cir.1970).

*In re Rains,* 946 F.2d 731, 732-33 (10th Cir. 1991) (stating "considerable deference is given the trial judge's determination regarding the default judgment since he is the person most familiar with the circumstances of the case and, thus, is in the best position to evaluate the good faith and credibility of the parties at the hearings"). Furthermore,

> [D]efault judgments are not automatic once a defendant has defaulted. *See Bixler v. Foster,* 596 F.3d 751, 762 (10th Cir. 2010) ("Once default is entered, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." (internal quotation marks omitted)). Thus, in determining whether to enter a default judgment, the district court could have conducted a hearing to establish the truth of [Plaintiff's] allegations. Fed. R. Civ. P. 55(b)(2)(C).

*Shell v. Henderson*, 622 Fed.Appx. 730, 733-34 (10th Cir. 2015).

The Court denies Plaintiff's Motion for Default Judgment as to Defendants Cobos and Lopez without prejudice. Although they have not filed an answer or a motion under Rule 12 of the Federal Rules of Civil Procedure, their failure to timely respond has not caused Plaintiff to be faced with interminable delay. It is now seven months after Plaintiff filed this case and Plaintiff has not yet complied with the Court's Orders to file an amended complaint not exceeding 50 pages. The length of Plaintiff's original and amended Complaints makes it difficult to determine precisely what material facts support Plaintiff's claims against Defendants Cobos and Lopez and consequently, do not provide sufficient notice to Defendants Cobos and Lopez to prepare an answer or Rule 12 motion. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "The sheer length of the complaint makes it difficult to determine precisely what material facts support the various claims made"). The Court declines to impose the harsh sanction of default judgment in this case because: (i) the delay in this case has resulted from Plaintiff's repeated failure to comply with Court Orders, not from Defendants Cobos and Lopez' failure to appear; (ii) the Court cannot consider whether the unchallenged facts constitute a legitimate cause of action against Defendants Cobos and Lopez because Plaintiff has not complied with the Court's Orders to file an amended complaint not exceeding 50 pages; and (iii) strong policies favor resolution of disputes on their merits.

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service of a summons and the Complaint on Defendants Cobos and Lopez at this time because the Court is ordering Plaintiff to file a fifth amended complaint. The Court will order service if Plaintiff files:

(i) a fifth amended complaint not exceeding 50 pages that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides each Defendant's address.

**Defendants' Motions to Dismiss and Motion to Strike**

Defendants have filed four Motions to Dismiss Plaintiff's Amended Complaints and a Motion to Strike Plaintiff's Amended Complaint. *See* Defendants' Motion to Dismiss Plaintiff's Amended Complaint, Doc. 41, filed September 13, 2024; Albuquerque Public School's Motion to Dismiss Plaintiff's Amended Complaint, Doc. 55, filed October 23, 2024; Defendants S. Matthew Torres, "Theresa Helson" and all staff of Trujillo Dodd, Torres & O'Brien LLC., d/b/a Family Law Firm, LLC's Motion to Dismiss, Doc. 66, filed November 12, 2025; Defendants All Faith's Children Advocacy Center, Isidro Vigil, Jennifer Gordon, and Heidi Monge's Motion to Dismiss Plaintiff's Amended Complaint, Doc. 69, filed November 20, 2024; State Defendants' Motion to Strike Plaintiff's Amended Complaint (Doc. 78) Filed November 27, 2024 and Served November 29, 2024, Doc. 93, filed December 13, 2024.

The Court denies the Motions to Dismiss and the Motion to Strike Plaintiff's Amended Complaint as moot because Plaintiff has since filed, pursuant to a Court Order, her Fourth Amended Complaint, *see* Doc. 105, filed January 8, 2025, and the Court is ordering Plaintiff to file a fifth amended complaint. *See Franklin v. Kansas Dept. of Corrections*, 160 Fed.Appx. 730, 734 (10th Cir. 2005) ("[a]n amended complaint supersedes the original complaint and renders the original complaint of no legal effect") (citing *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991)).

**Plaintiff's Motions to Strike**

Plaintiff has filed 12 Motions to Strike documents:

7

(a)  Motion to Strike Defendants Stephen Matthew Torres, Teresa Hanlon, and Trujillo Dodd, Torres & O'Brien, LLC/dba Family Law firm, LLC['s] Answer to Amended Complaint and Motion for Entry of Default, Doc. 62, file November 6, 2024;

(b)  Motion to Strike Defendant Hedi [sic] Monge's Response to Plaintiff's Motion for Entry of Defalt [sic] by the Clerk Court [sic] for Defendant Heidi Monge, Doc. 63, filed November 6, 2024;

(c)  Motion to Strike Defendants['] Motion to Dismiss by Matthew Torres, Doc. 71, filed November 20, 2024;

(d)  Motion to Strike Heidi Monge Response to Plaintiff's Motion to Deny Defendant Heidi Monge's Answer to Amended Complaint, Doc. 72, filed November 20, 2024;

(e)  Plainitff's [sic] Motion to Strike Defendant Albuquerque Public School[']s Motion to Dismiss [55] and Notice of Completion of Briefing [82], Doc. 87, filed December 13, 2024;

(f)  Plaintiff's Motion to Strike Defendants' Response to Motion to Strike Defendant's Motion to Dimiss [sic] by Matthew Torres [81], Doc. 89, filed December 13, 2024;

(g)  Plaintiff's Motion to Strike Defendant Heidi Monge's Response Document #79 to Plaintiff's Motion to Strike Heidi Monge's Response to Plaintiff's Motion to Deny Defendant Heidi Monge's Answer to Amended Complaint, Doc. 90, filed December 13, 2024;

(h)  Plaintiff's Motion to Strike to [sic] Defendants['] All Faith's Children Advocacy Center, Isidro Vigil, Jennifer Gordon, and Heidi Monge's Motion to Dismiss Plaintiff's Amended Complaint, Doc. 91, filed December 13, 2024;

    (i)    Plaintiff's Motion to Strike Defendants' Response to amended Civil Rights Complaint Document #80, Doc. 92, filed December 13, 2024;

    (j)    Plaintiff's Motion to Strike Denfendants [sic] Motions [87], [89], [91], [93], [94], [95], Doc. 101, filed December 20, 2024;

    (k)    Plaintiff's Motion to Strike Defendants['] All Faith's Children Advocacy Center, Isidro Vigil, Jennifer Gordon, and Heidi Monge's Answer to Plaintiff's second Amended Complaint for Deprivation of Rights, Racketeer Influenced and Corrupt Organizations (RICO), and Parental Interference [84], Doc. 102, filed December 23, 2024;

    (l)    Plaintiff's Motion to Strike Defendants['] Notice of Completion of Briefing Deemed Improper [85] as Moot, Doc. 103, filed December 23, 2024.

The Court, having reviewed each of Plaintiff's Motions to Strike, denies all of Plaintiff's Motions to Strike.

> "[D]istrict courts are afforded great discretion regarding control of the docket and parties." *United States v. Orozco*, 916 F.3d 919, 925 (10th Cir. 2019) (quotations omitted). Federal Rule of Civil Procedure 12(f) governs what a "court may strike from a pleading." *Ysais v. N.M. Judicial Standard Com'n*, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009) (quotations omitted); *see* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter ... on its own."). "Generally, ... motions, briefs, and memoranda may not be attacked by a motion to strike." *Ysais*, 616 F. Supp. 2d at 1184.
>
> "The exception to this principle is that a [c]ourt may choose to strike a filing that is not allowed by local rule ...." *Id.* (quotations omitted); *see Bustillo v. Hawk*, 44 F. App'x 396, 400-01 (10th Cir. 2002) (unpublished) (upholding district court's decision to strike filing based on local rules); *In re Hopkins*, No. 98-1186, 1998 WL 704710, at *3 n.6 (10th Cir. Oct. 5, 1998) (unpublished) (noting "it was well within the discretion of the district court to strike" briefs that did not comply with local rules).
>
> When courts strike a filing as improperly filed, it becomes "a nullity." *Synnestvedt v. Astrue*, No. 09-443, 2010 WL 125649, *1 n.3 (W.D. Okla. Jan. 7, 2010); *see Habyawmana v. Kagame*, No. 10-437, 2011 WL 13113322, *1 n.1 (W.D. Okla.

2011) (noting an "improperly filed" motion "is, therefore, treated as a legal nullity").

*Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020) (footnote omitted).

Plaintiff filed three Motions to Strike Answers. *See* Doc's 62, 63 and 102. Plaintiff seeks to strike the Answers on the grounds that Defendants did not timely file the Answers, did not show good cause for not timely answering, did not notify Plaintiff or the Court that Plaintiff had used incorrect names for some of the Defendants, and some of the Defendants had already filed an Answer and thus should not have filed another Answer to a subsequently filed Amended Complaint adding one Defendant. Plaintiff does not cite any legal authority supporting her assertion that Defendants need not file an answer to an amended complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer within 21 days after being served with the summons and complaint"). The Motions to Strike Answers do not show that the Answers Plaintiff seeks to strike contain an insufficient defense or redundant, immaterial, impertinent, or scandalous matter.

Plaintiff's other Motions seek to strike Motions to Dismiss, Responses and a Notice of Completion of Briefing. *See* Doc's 63, 71-72, 87, 89-92, 101 and 103. Those Motions seek to strike documents on the grounds that: (i) Defendants did not timely file Answers and failed to show good cause for not timely filing Answers; (ii) Defendant APS filed a Motion to Dismiss and a Notice of Completion of Briefing before filing a Notice of Appearance; (iii) some Defendants committed perjury regarding service by signing documents they knew contained false statements; (iv) a Defendant untimely filed a repetitive Motion; (v) a Defendant failed to answer an Amended Complaint and did not show good cause to set aside an entry of default; (vi) there is no explicit Federal Rule of Civil Procedure that states a complaint must be less than 50 pages; (vii) "Defendants are [maliciously] abusing the process" to delay and obstruct Plaintiff from asserting her rights; and (viii) a Notice of Completion of Briefing is moot because it has "no legal basis as

10

it contains incorrect information and is premature." Those Motions do not show that the documents Plaintiff seeks to strike did not comply with the Local Rules of Civil Procedure. *See Bunn v. Perdue*, 966 F.3d at 1099 ("Generally, ... motions, briefs, and memoranda may not be attacked by a motion to strike"). The Motions to Strike are also not of any practical significance because the Court is ordering Plaintiff to file a fifth amended complaint.

**Plaintiff's Motion to Deny Answer**

Plaintiff asks the Court to "deny" Defendant Heidi Monge's Answer. Motion to Deny Defendant Heidi Monge's Answer to Amended Complaint, Doc. 59, filed October 28, 2024. Plaintiff states her first two attempts to serve Defendant Monge were unsuccessful. Plaintiff made a third attempt to serve Defendant Monge via certified mail which made Defendant Monge's answer due on September 28, 2024. Defendant Monge filed her Answer on October 17, 2024. *See* Doc. 53.

The Court denies Plaintiff's Motion to deny Defendant Monge's Answer. Plaintiff has not cited any legal authority supporting her Motion to deny Defendant Monge's Answer or explaining what it means to "deny" an answer. *See* D.N.M.LR-Civ. 7.3(a) ("A motion . . . must cite authority in support of the legal positions advanced").

**Notice**

The undersigned notifies Plaintiff, as Judge Rozzoni did, that Plaintiff has a responsibility for becoming familiar with and complying with the Federal and Local Rules of Civil Procedure. *See Oklahoma Radio Assoc. v. Federal Deposit Ins. Corp.*, 969 F.2d 940, 942 (10th Cir. 1992) ("the Federal Rules of Civil Procedure have the force and effect of a federal statute").

The undersigned also notifies Plaintiff, as Judge Rozzoni did, that failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial

11

process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

The Court and the Parties have a responsibility to administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. If Plaintiff continues to not comply with Court Orders and the Federal and Local Rules of Civil Procedure after having been notified of her obligation to comply, then such failure to comply will indicate Plaintiff is either unwilling or unable to comply. *See* Fed. R. Civ. P. 11(b) (by filing documents with the Court, attorneys and *pro se* parties certify that the documents are "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"). If Plaintiff is unwilling or unable to comply with Court Orders and the Federal and Local Rules of Civil Procedure, the Court must issue orders to ensure the speedy and inexpensive determination of this case, such as imposing filing restrictions or dismissing this case.

**IT IS ORDERED** that:

(i) Plaintiff shall, within 21 days of entry of this Order, file a fifth amended complaint not exceeding 50 pages. Failure to timely file a fifth amended complaint may result in dismissal of this case.

(ii) Plaintiff's Motion for Default Judgment, Doc. 42, filed September 23, 2024, is **DENIED without prejudice.**

(iii) The following Motions to Dismiss and Motion to Strike are **DENIED as moot:**

    (a) Defendants' Motion to Dismiss Plaintiff's Amended Complaint, Doc. 41, filed September 13, 2024;

    (b) Albuquerque Public School's Motion to Dismiss Plaintiff's Amended Complaint, Doc. 55, filed October 23, 2024; and

    (c) Defendants S. Matthew Torres, "Theresa Helson" and all staff of Trujillo Dodd, Torres & O'Brien LLC., d/b/a Family Law Firm, LLC's Motion to Dismiss, Doc. 66, filed November 12, 2025;

    (d) Defendants All Faith's Children Advocacy Center, Isidro Vigil, Jennifer Gordon, and Heidi Monge's Motion to Dismiss Plaintiff's Amended Complaint, Doc. 69, filed November 20, 2024;

    (e) State Defendants' Motion to Strike Plaintiff's Amended Complaint (Doc. 78) Filed November 27, 2024 and Served November 29, 2024, Doc. 93, filed December 13, 2024.

(iv) The following Motions to Strike are **DENIED:**

    (a) Motion to Strike Defendants Stephen Matthew Torres, Teresa Hanlon, and Trujillo Dodd, Torres & O'Brien, LLC/dba Family Law firm, LLC['s] Answer to Amended Complaint and Motion for Entry of Default, Doc. 62, filed November 6, 2024;

(b)   Motion to Strike Defendant Hedi [sic] Monge's Response to Plaintiff's Motion for Entry of Defalt [sic] by the Clerk Court [sic] for Defendant Heidi Monge, Doc. 63, filed November 6, 2024;

(c)   Motion to Strike Defendants['] Motion to Dismiss by Matthew Torres, Doc. 71, filed November 20, 2024;

(d)   Motion to Strike Heidi Monge Response to Plaintiff's Motion to Deny Defendant Heidi Monge's Answer to Amended Complaint, Doc. 72, filed November 20, 2024;

(e)   Plainitff's [sic] Motion to Strike Defendant Albuquerque Public School[']s Motion to Dismiss [55] and Notice of Completion of Briefing [82], Doc. 87, filed December 13, 2024;

(f)   Plaintiff's Motion to Strike Defendants' Response to Motion to Strike Defendant's Motion to Dimiss [sic] by Matthew Torres [81], Doc. 89, filed December 13, 2024;

(g)   Plaintiff's Motion to Strike Defendant Heidi Monge's Response Document #79 to Plaintiff's Motion to Strike Heidi Monge's Response to Plaintiff's Motion to Deny Defendant Heidi Monge's Answer to Amended Complaint, Doc. 90, filed December 13, 2024;

(h)   Plaintiff's Motion to Strike to [sic] Defendants['] All Faith's Children Advocacy Center, Isidro Vigil, Jennifer Gordon, and Heidi Monge's Motion to Dismiss Plaintiff's Amended Complaint, Doc. 91, filed December 13, 2024;

    (i)    Plaintiff's Motion to Strike Defendants' Response to amended Civil Rights Complaint Document #80, Doc. 92, filed December 13, 2024;

    (j)    Plaintiff's Motion to Strike Denfendants [sic] Motions [87], [89], [91], [93], [94], [95], Doc. 101, filed December 20, 2024;

    (k)    Plaintiff's Motion to Strike Defendants['] All Faith's Children Advocacy Center, Isidro Vigil, Jennifer Gordon, and Heidi Monge's Answer to Plaintiff's second Amended Complaint for Deprivation of Rights, Racketeer Influenced and Corrupt Organizations (RICO), and Parental Interference [84], Doc. 102, filed December 23, 2024;

    (l)    Plaintiff's Motion to Strike Defendants['] Notice of Completion of Briefing Deemed Improper [85] as Moot, Doc. 103, filed December 23, 2024.

(v)    Plaintiff's Motion to Deny Defendant Heidi Monge's Answer to Amended Complaint, Doc. 59, filed October 28, 2024, is **DENIED.**

 

_____
CHIEF UNITED STATES DISTRICT JUDGE