## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ANTOINETTE MARQUEZ,

      Plaintiff,

v.                                         No. 1:24-cv-00423-KG-JMR

AMBER BAKER-CHAVEZ, *et al.*,

      Defendants.

## <u>ORDER TO SHOW CAUSE</u>

The Court entered an Order that, among other things:

(i)     ordered *pro se* Plaintiff to file a Fifth Amended Complaint after noting Plaintiff's repeated failure to comply with United States Magistrate Judge Jennifer M. Rozzoni's Orders to file an amended complaint not exceeding 50 pages;

(ii)    denied Plaintiff's Motion for Default Judgment as to two Defendants stating: "Although [the two Defendants] have not filed an answer or a motion under Rule 12 of the Federal Rules of Civil Procedure, their failure to timely respond has not caused Plaintiff to be faced with interminable delay.  It is now seven months after Plaintiff filed this case and Plaintiff has not yet complied with the Court's Orders to file an amended complaint not exceeding 50 pages;"[1]

(iii)   denied Plaintiff's two Motions to Strike Answers because "Plaintiff does not cite any legal authority supporting her assertion that Defendants need not file an answer to an amended complaint.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must

---

[1] Plaintiff filed her Fifth Amended Complaint on July 31, 2025, pursuant to the Court's Order.  *See* Doc. 110.

serve an answer within 21 days after being served with the summons and complaint"). The Motions to Strike Answers do not show that the Answers Plaintiff seeks to strike contain an insufficient defense or redundant, immaterial, impertinent, or scandalous matter;"

(iv)     denied Plaintiff's nine Motions to strike Defendants' Motions to Dismiss, Responses and a Notice of Completion of Briefing because Plaintiff's Motions "do not show that the documents Plaintiff seeks to strike did not comply with the Local Rules of Civil Procedure." quoting *Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020) ("a [c]ourt may choose to strike a filing that is not allowed by local rule "Generally, ... motions, briefs, and memoranda may not be attacked by a motion to strike");" and

(v)     denied Plaintiff's Motion to deny Defendant Monge's Answer because "Plaintiff has not cited any legal authority supporting her Motion to deny Defendant Monge's Answer or explaining what it means to "deny" an answer. *See* D.N.M.LR-Civ. 7.3(a) ("A motion . . . must cite authority in support of the legal positions advanced")."

Order, Doc. 107, filed January 13, 2025.

The Court provided the following notice to Plaintiff:

The undersigned notifies Plaintiff, as Judge Rozzoni did, that Plaintiff has a responsibility for becoming familiar with and complying with the Federal and Local Rules of Civil Procedure. *See Oklahoma Radio Assoc. v. Federal Deposit Ins. Corp.*, 969 F.2d 940, 942 (10th Cir. 1992) ("the Federal Rules of Civil Procedure have the force and effect of a federal statute").

The undersigned also notifies Plaintiff, as Judge Rozzoni did, that failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ.

P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

The Court and the Parties have a responsibility to administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. If Plaintiff continues to not comply with Court Orders and the Federal and Local Rules of Civil Procedure after having been notified of her obligation to comply, then such failure to comply will indicate Plaintiff is either unwilling or unable to comply. *See* Fed. R. Civ. P. 11(b) (by filing documents with the Court, attorneys and *pro se* parties certify that the documents are "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"). If Plaintiff is unwilling or unable to comply with Court Orders and the Federal and Local Rules of Civil Procedure, the Court must issue orders to ensure the speedy and inexpensive determination of this case, such as imposing filing restrictions or dismissing this case.

Order at 11-12.

Despite the Court's notice, Plaintiff continues to fail to comply with the Local Rules of Civil Procedure. The Local Rules require that "[a] response must be served and filed within fourteen (14) calendar days after service of the motion" and the time for a response may be extended only by agreement of all parties or if the party seeking an extension files a motion within the fourteen-day period. D.N.M.LR-Civ. 7.4(a) (stating: "For each agreed extension, the party requesting the extension must file a notice identifying the new deadline"). Plaintiff filed three Responses to Motions to Dismiss, with each one filed a month after the 14-day time period for responses, without filing a notice that all Parties agreed to an extension and without filing a motion within the 14-day time period seeking an extension. *See* Response, Doc. 125, filed March 25, 2025 (Response was due February 26, 2025; Response, Doc. 126, filed March 25, 2025 (Response

was due February 27, 2025); Response, Doc. 131, filed April 3, 2025 (Response was due March 3, 2025).

The Local Rules also require that "[t]he filing of a surreply requires leave of the Court." D.N.M.LR-Civ. 7.4(b). Plaintiff filed a Surreply without seeking leave of the Court. *See* Doc. 133, filed April 9, 2025. Defendant Albuquerque Public Schools ("APS") filed a Motion to Strike Plaintiff's Surreply on the grounds that Plaintiff improperly filed the Surreply without seeking leave of the Court. *See* Doc. 138, filed April 23, 2025. Plaintiff's response to APS' Motion is due May 7, 2025.

The Court has notified Plaintiff of her obligation to comply with Court Orders and the Rules of Civil Procedure and that failure to comply with Orders and Rules interferes with the judicial process and may result in sanctions. Plaintiff's repeated and continuing failure to comply with Court Orders and the Local Rules has caused the Court and the Parties to unnecessarily expend valuable resources and has delayed the resolution of this case. The Court finds that filing restrictions are appropriate so that the Court and the Parties do not expend additional resources addressing future such filings and to avoid further unnecessary delay.

**Court's Power to Impose Filing Restrictions**

The Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets

and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

**Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Plaintiff:

Plaintiff will be enjoined from making further filings in this case except objections to this Order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to not file any additional submissions by Plaintiff in this case other than objections to this Order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing.

Plaintiff also will be enjoined from initiating future litigation in this Court and the Clerk will be directed to not file any initial pleading that Plaintiff submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*. *See DePineda v. Hemphill,* 34 F.3d 946, 948-49 (10th Cir. 1994).

To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

2. The affidavit must be notarized, be in proper legal form and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties. The affidavit must certify that, to the best of

Plaintiff's knowledge, Plaintiff's claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that Plaintiff will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure.  If Plaintiff's claims have previously been raised or Plaintiff has previously sued the defendants, the affidavit must certify that the proposed new suit does not present the same claims that this or any other court has decided and explain why the new suit would not be an abuse of the system;

3.  The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Plaintiff's petition to proceed *pro se* in the new civil case.  *See* Mem. Op. and Order, Doc. 21 at 6-9, filed in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*).  If the Magistrate Judge approves Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure.  If the Magistrate Judge does not approve Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

**IT IS ORDERED** that within fourteen (14) days from entry of this Order, Plaintiff shall show cause why this Court should not enter the proposed filing restrictions described above. Plaintiff's written objections to the proposed filing restrictions shall be limited to 10 pages.  If Plaintiff does not timely file objections, the proposed filing restrictions shall take effect fourteen

(14) days from the date of this order and will apply to any matter filed after that time.  If Plaintiff

timely files objections, restrictions will take effect only upon entry of a subsequent order.

/s/ KENNETH J. GONZALES[2]
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.