IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTOINETTE MARQUEZ,

    Plaintiff,

v.                                                                                                                                     No. 1:24-cv-00423-KG-JMR

AMBER BAKER-CHAVEZ, *et al.*,

    Defendants.

### ORDER STRIKING SURREPLY

    Defendant Albuquerque Public Schools ("APS") filed a Motion to Dismiss Plaintiff's Fifth Amended Complaint on March 26, 2025. *See* Doc. 114. *Pro se* Plaintiff filed a Response 40 days later, on March 25, 2025, without notifying the Court that APS agreed to an extension of time to respond and without seeking leave of the Court to extend the time to respond. *See* Doc. 126; D.N.M.LR-Civ. 7.4A (stating the time to file a response "may be extended by agreement of all parties" and "[f]or each agreed extension, the party requesting the extension must file a notice identifying the new deadline," and "[i]f an extension of time is opposed, the party seeking the extension must file a separate motion within the applicable fourteen (14) day period"). APS filed its Reply and a Notice of Completion of Briefing on March 26, 2025. *See* Doc's 128, 129. Plaintiff filed a Surreply on April 9, 2025, without seeking leave of the Court. *See* Doc. 133.

    Defendant APS now asks the Court to strike Plaintiff's Surreply because Plaintiff did not seek leave of the Court to file the Surreply. *See* APS' Motion to Strike Plaintiff's Surreply, Doc. 138, filed April 23, 2025; D.N.M.LR-Civ. 7.4(b) ("The filing of a surreply requires leave of the Court"). Plaintiff did not file a response to APS's Motion to strike the Surreply, move for an extension of time to file a response, or file a notice of an extension agreed to by all Parties by the

May 7, 2025, deadline. *See* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion").

The Court grants Defendant APS' Motion to Strike Plaintiff's Surreply because Plaintiff did not obtain leave of the Court to file her Surreply. *See Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020) ("a [c]ourt may choose to strike a filing that is not allowed by local rule ...." *Id.* (quotations omitted); *see Bustillo v. Hawk*, 44 F. App'x 396, 400-01 (10th Cir. 2002) (unpublished) (upholding district court's decision to strike filing based on local rules); *In re Hopkins*, No. 98-1186, 1998 WL 704710, at *3 n.6 (10th Cir. Oct. 5, 1998) (unpublished) (noting "it was well within the discretion of the district court to strike" briefs that did not comply with local rules)").

**IT IS ORDERED** that APS' Motion to Strike Plaintiff's Surreply, Doc. 138, filed April 23, 2025, is **GRANTED.** The Court **STRIKES** Plaintiff's Surreply, Doc. 133, filed April 9, 2025.

/s/ KENNETH J. GONZALES[1]
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.