IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTOINETTE MARQUEZ,

    Plaintiff,

v.                                                                                                         No. 1:24-cv-00423-KG-JMR

AMBER BAKER-CHAVEZ, *et al.*,

    Defendants.

### ORDER IMPOSING FILING RESTRICTIONS
### AND ORDER DENYING MOTIONS FOR SERVICE

The Court notified Plaintiff of her numerous failures to comply with Court Orders and the Federal and Local Rules of Civil Procedure. *See* Order, Doc. 107, filed January 13, 2025. The undersigned reminded Plaintiff, as United States Magistrate Judge Jennifer M. Rozzoni previously did, of Plaintiff's responsibility for becoming familiar with and comply with the Federal Rules of Civil Procedure notified Plaintiff that failure to comply with Court Orders and the Rules interferes with the judicial process and may result in sanctions including filing restrictions. *See* Order at 11-12. Despite the Court's notice, Plaintiff continued to fail to comply with the Local Rules of Civil Procedure. *See* Order at 3-4 (identifying the failures). The Court found that Plaintiff's repeated failure to comply with Orders and Rules has caused the Court and the Parties to unnecessarily expend valuable resources and delayed the resolution of this case, and that filing restrictions are appropriate so that the Court and the Parties do not expend additional resources addressing future such filings and to avoid further unnecessary delay. *See* Order to Show Cause at 4, Doc. 141, filed May 8, 2025. After describing the Court's power to impose filing restrictions, the Court notified Plaintiff that it proposes to impose filing restrictions on Plaintiff, described the proposed filing

restrictions and ordered Plaintiff to show cause why the Court should not impose those filing restrictions. *See* Order to Show Cause at 4-7.

**Plaintiff's Response to Order to Show Cause**

Plaintiff timely filed a Response setting forth her arguments why the Court should not impose filing restrictions. *See* Reply to Order to Show Cause, Doc. 143, filed May 20, 2025 ("Response").

One of the reasons the Court concluded that filing restrictions are appropriate is "Plaintiff's repeated failure to comply with Judge Rozzoni's Orders to file an amended complaint not exceeding 50 pages." Order to Show Cause at 1. Plaintiff states she filed her Fifth Amended Complaint, *see* Doc. 110, which is 50 pages, on January 31, 2025, "to comply with Judge Rozzoni's order" and that "Plaintiff fully believes that she has complied with Judge Rozzoni's orders with the page limit." Response at 1. Plaintiff did not comply with Judge Rozzoni's Orders to file amended complaints not exceeding 50 pages. Judge Rozzoni entered two Orders directing Plaintiff to file an amended complaint not exceeding 50 pages. *See* Doc. 9 at 4, filed June 17, 2024; Doc. 100 at 3, filed December 20, 2024. Plaintiff filed three amended complaints exceeding 50 pages. *See* Second Amended Complaint, Doc. 10, filed June 28, 2024; Third Amended Complaint, Doc. 78, filed November 27, 2024 (Plaintiff filed her Third Amended Complaint without seeking leave of the Court and without Defendants' consent); Fourth Amended Complaint, Doc. 105, filed January 8, 2025. Plaintiff filed her Fifth Amended Complaint *after* the undersigned ordered her to file a fifth amended complaint. *See* Doc. 107, filed January 13, 2025 (ordering Plaintiff to file a fifth amended complaint not exceeding 50 pages).

Plaintiff states she filed a response to the undersigned's Order of January 13, 2025, Doc. 107, which, among other things, denied Plaintiff's Motion for Default Judgment against

2

Defendants Cobos and Lopez. *See* Response at 2. The Court denied Plaintiff's Motion for Default Judgment stating:

> It is now seven months after Plaintiff filed this case and Plaintiff has not yet complied with the Court's Orders to file an amended complaint not exceeding 50 pages. . . The Court declines to impose the harsh sanction of default judgment in this case because: (i) the delay in this case has resulted from Plaintiff's repeated failure to comply with Court Orders, not from Defendants Cobos and Lopez' failure to appear; (ii) the Court cannot consider whether the unchallenged facts constitute a legitimate cause of action against Defendants Cobos and Lopez because Plaintiff has not complied with the Court's Orders to file an amended complaint not exceeding 50 pages; and (iii) strong policies favor resolution of disputes on their merits.

Order at 6. Plaintiff states that Defendants Cobos and Lopez have caused interminable delay by their failure to answer the "initial Amended Complaint" and that "if the Defendants fail to file an answer after 21 days of being served [] Plaintiff can file [a motion for] entry of default followed by a default Judgement." Response at 2. The fact that Plaintiff filed a motion for default judgment and that such a motion is allowed by the Rules of Civil Procedure does not excuse other instances of Plaintiff's failure to comply with the Rules.

Plaintiff states she "only filed a Motion to Strike because Defendants Heidi Monge, All Faiths children's Advocacy Center, Isidro Vigil, and Jennifer Gordon defense continued to file redundant, immaterial, and scandalous motions with a total of nine motions and the Plaintiff responded per FRCP 12(a)(1)(A)(i)" and "Plaintiff fully believes that she complied with FRCP 12(f) to strike Defendants Motions to dismiss [] for insufficient, redundant, immaterial, and scandalous filings by the Defendants." Response at 2-3, ¶ 4. Plaintiff's belief that she complied with Rule 12(f) is mistaken. Rule 12(f) allows the Court to "strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Motions are not pleadings. *See* Fed. R. Civ. P. 7(a) ("Only these pleadings are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated

3

as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer"). "Generally, ... motions, briefs, and memoranda may not be attacked by a motion to strike." *Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020).

Plaintiff asserts she "denied Heidi Monge's Answer based on FRCP 12(a)(1)(A)(i) [because Monge] did not file within 21 days of being served the summons, the defendants legal counsel was aware of the initial Complaint," "Plaintiff fully believes that she was following the FRCP when a Defendant fails to file an answer within the 21 days" and she "believes that to the best of her knowledge [she] provided valid grounds for the reason [for] her [] denial based on FRCP 12(a)(1)(A)(i)." Response at 3. Plaintiff's assertion is meritless. Rule 12(a)(1)(A)(i) only provides that a defendant must serve an answer within 21 days after being served with the summons and complaint; it does not allow a plaintiff to file a motion to "deny" an answer.

Plaintiff makes the nonsensical statement that she "did not intend to file a surreply, but just a reply to the Defendant['s reply to Plaintiff's response to Defendant's motion to dismiss] and therefore did not request a leave of Court. *See* Response at 4. A "reply" to a reply is a surreply. *See*, *for example*, *Mack v. J.M. Smuckers Co.*, 2023 WL 52217705, *2 (stating plaintiff "filed two sur-replies after the defendants filed replies supporting their summary judgment motions").

Plaintiff's Response does not address Plaintiff's filing of three responses to motions to dismiss, with each one filed a month after the 14-day time period for responses, without filing a notice that all Parties agreed to an extension and without filing a motion for an extension within the 14-day time period. *See* Order to Show Cause at 3.

Regarding the "Court's Power to Impose Filing Restrictions," Plaintiff states:

> The cited case law would not apply as the Plaintiff is not filing frivolous without merit or malicious as the Defendant[s] have already made admissions in their

4

> motions with the exception of the "two Defendants". The Plaintiff has followed
> and complied based on FRCP to the best of her ability as stated in doc #[118].

Response at 3 (Doc. 118, is Plaintiff's Response to the undersigned's Order to file a fifth amended complaint not exceeding 50 pages). Plaintiff does not cite any legal authority in support of her argument regarding the Court's power to impose filing restrictions. The purpose of filing restrictions is not solely to limit the filing of frivolous documents. Filing restrictions may be imposed to curb abusive behavior such as noncompliance with Court Orders and the Federal and Local Rules of Civil Procedure.

Plaintiff has not shown good cause why the Court should not impose the proposed filing restrictions. The Court previously notified Plaintiff of her obligation to comply with Court Orders and the Rules of Civil Procedure and that failure to comply with Orders and Rules interferes with the judicial process and may result in sanctions. Plaintiff's repeated and continuing failure to comply with Court Orders and the Local Rules has caused the Court and the Parties to unnecessarily expend valuable resources and has delayed the resolution of this case and Plaintiff has not shown otherwise. The Court finds that filing restrictions are appropriate so that the Court and the Parties do not expend additional resources addressing future such filings and to avoid further unnecessary delay.

The Court considered imposing filing restrictions at the close of this case. However, despite the Court's numerous notices to Plaintiff directing her to comply with the Federal and Local Rules of Civil Procedure, Plaintiff has since filed two additional surreplies without first obtaining leave of the Court.[1] The Court has determined that Plaintiff's continuing failure to

---

[1] On May 22, 2025, Plaintiff filed a Motion requesting leave to file a surreply to the State Defendants' motion to dismiss and to amend her surreply to Albuquerque Public School's motion to dismiss. *See* Doc. 144. On May 29, 2025, Plaintiff filed a Surreply to the State Defendants' motion to dismiss, *see* Doc. 147, and Amended Surreply to APS' motion to dismiss, *see* Doc. 148,

comply with the Rules requires that the Court impose filing restrictions now with some additional exceptions to those exceptions identified in the Order to Show Cause. Waiting until the close of this case to impose filing restrictions will allow Plaintiff to continue to improperly file additional documents causing the Court and the other Parties to unnecessarily expend valuable resources.

**Order Imposing Filing Restrictions**

The Court imposes the following filing restrictions on Plaintiff:

Plaintiff is enjoined from making further filings in this case except objections to this Order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*, and the other exceptions listed below; and the Clerk is directed to not file any additional submissions by Plaintiff in this case other than objections to this Order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* **and the other exceptions listed below**, unless a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing.

Plaintiff is also enjoined from initiating future litigation in this Court and the Clerk is directed to not file any initial pleading that Plaintiff submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994).

To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

---

without the Court's permission. *See* Order, *See* Doc. 142, filed May 15, 2025 (striking Plaintiff's surreply to APS' motion to dismiss); D.N.M.LR-Civ. 7.4(b) ("the filing of a surreply requires leave of the Court"). APS and the State Defendants subsequently file motions to strike the surreplies. *See* Doc. 151, filed June 12, 2025; Doc. 155, filed June 12, 2025.

2. The affidavit must be notarized, be in proper legal form and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties.  The affidavit must certify that, to the best of Plaintiff's knowledge, Plaintiff's claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that Plaintiff will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure.  If Plaintiff's claims have previously been raised or Plaintiff has previously sued the defendants, the affidavit must certify that the proposed new suit does not present the same claims that this or any other court has decided and explain why the new suit would not be an abuse of the system;

3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Plaintiff's petition to proceed *pro se* in the new civil case.  *See* Mem. Op. and Order, Doc. 21 at 6-9, filed in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*).  If the Magistrate Judge approves Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure.  If the Magistrate Judge does not approve Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

**Exceptions to Filing Restrictions**

The only exceptions to the filing restrictions are:

(i)   One document objecting to this Order;

(ii)  A notice of appeal;

(iii) A motion for leave to proceed on appeal *in forma pauperis*;

(iv)  One response to each of the APS' and the State Defendants' motions to strike Plaintiff's surreplies;

(v)   One response to each motion to dismiss filed by Defendants Cobos and Lopez. After reviewing any replies filed by Defendants Cobos and Lopez, the Court will determine whether to grant Plaintiff leave to file a surreply;

(vi)  One reply to the Response, Doc. 152, filed June 12, 2025, regarding Plaintiff's Motion to Seal.

(vii) One document objecting to each of any Court orders entered after this Order.

The Court may order additional exceptions later.

## **ORDER DENYING MOTIONS FOR SERVICE**

Plaintiff, who is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, filed a Motion requesting that the Court serve process on Defendants Billy Cobos and Jennifer Lopez pursuant to 28 U.S.C. § 1915(d). *See* Motion for Service, Doc. 146, filed May 29, 2025. Two weeks later, Plaintiff filed a Second Motion requesting that the Court serve process on Defendants Billy Cobos and Jennifer Lopez pursuant to 28 U.S.C. § 1915. *See* Motion to Compel Plaintiff's Motion of Service on Defendants, Doc. 154, filed June 12, 2025.

The Court denies Plaintiff's Motions for service on Defendants Cobos and Lopez. There are three pending motions to dismiss in this case filed by other Defendants. *See* All Faith's Children Advocacy Center et al.'s Motion to Dismiss, Doc. 112, filed February 12, 2025;

Albuquerque Public School's Motion to Dismiss, Doc. 114, filed February 13, 2025; State of New Mexico Defendants' Motion to Dismiss, Doc. 115, filed February 17, 2025. After the Court rules on the pending motions to dismiss, the Court will review Plaintiff's Fifth Amended Complaint to determine whether it states claims against Defendants Cobos and Lopez. *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted").

**IT IS ORDERED** that:

(i) The filing restrictions set forth above are now **IMPOSED.**

(ii) The following motions are **DENIED:**

    (a) Plaintiff's Motion for Service, Doc. 146, filed May 29, 2025; and

    (b) Plaintiff's Motion to Compel Plaintiff's Motion of Service on Defendants, Doc. 154, filed June 12, 2025.

/s/_____
KENNETH J. GONZALES[2]
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.