**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ANTOINETTE MARQUEZ,

      Plaintiff,

v.                                  No. 1:24-cv-00423-KG-JMR

AMBER BAKER-CHAVEZ, *et al.*,

      Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO SEAL**

*Pro se* Plaintiff asks the Court to seal an attachment to Defendant Albuquerque Public School's Motion to Dismiss. *See* Plaintiff's Motion to Seal, Doc. 145, filed May 29, 2025 ("Motion"). Plaintiff states the attachment contains "identifying information" and asks the Court to seal the attachment pursuant to Rule 5.2(3)(d) [sic] of the Federal Rules of Civil Procedure "to protect the privacy and safety of the children." Motion at 1.

Plaintiff's reference to Rule "5.2(3)(d)" appears to be a typographical error as there is no Federal Rule of Civil Procedure with that number. It appears Plaintiff may be referring to Rule 5.2(a)(3) which states papers filed with the Court may not include a minor's name, they may only include "the minor's initials." Fed. R. Civ. P. 5.2(a)(3). The attachment Plaintiff seeks to seal includes her minor children's first names. *See* Doc. 114-1, filed February 13, 2025.

Defendant Albuquerque Public School opposes Plaintiff's Motion to seal the attachment on the grounds that the documents in the attachment are exempt from redaction because they are already part of a public state-court docket, Rule 5.2(b) exempts them from redaction, and Plaintiff has not demonstrated that a countervailing interest heavily outweighs the public interests in access.

*See* Response, at 2, Doc. 152, filed June 12, 2025.  Plaintiff did not file a reply by the June 26, 2025, deadline.

The Court denies Plaintiff's Motion to seal the attachment.  The attachment Plaintiff seeks to seal contains documents filed in a state court proceeding regarding enforcement/modification of custody.  *See* Doc. 114-1, filed February 13, 2025 (containing documents filed in *New Mexico and Marquez v. Cobos*, No. D-202-DM-201803136, Second Judicial District Court, County of Bernalillo, State of New Mexico).  The redaction requirement of Rule 5.2(a) "does not apply to . . . the official record of a state-court proceeding."  Fed. R Civ. P. 5.2(b)(3).  Furthermore,

> "Courts have long recognized a common-law right of access to judicial records," but this right "is not absolute." *Mann v. Boatright,* 477 F.3d 1140, 1149 (10th Cir. 2007); *see, e.g., Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) ("It is *uncontested* ... that the right to inspect and copy judicial records is not absolute." (emphasis added)). We may, in our discretion, "seal documents if the public's right of access is outweighed by competing interests." *Helm v. Kansas,* 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *United States v. Hickey,* 767 F.2d 705, 708 (10th Cir. 1985)) (internal quotation marks omitted). "In exercising this discretion, we weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Id.* (quoting *Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458, 461 (10th Cir. 1980)) (internal quotation marks omitted). To overcome this presumption against sealing, the party seeking to seal records "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.,* 663 F.3d 1124, 1135–36 (10th Cir. 2011) (quoting *Helm,* 656 F.3d at 1292) (internal quotation marks omitted).

*JetAway Aviation, LLC v. Bd. Of County Comm'rs of County of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014). Plaintiff has not shown a real and substantial interest that justifies depriving the public of access to the attachment.  The only reason Plaintiff gives for sealing the attachment is "for the privacy and safety of the minor Children."  "Vague and conclusory statements do not meet [the heavy burden to demonstrate a real and substantial interest that outweighs the public

interest in accessing the documents]." *Elevate Federal Credit Union v. Elevations Credit Union*, 67 F.4th 1058, 1085 (10th Cir. 2023).

**IT IS ORDERED** that Plaintiff's Motion to Seal, Doc. 145, filed May 29, 2025, is **DENIED.**

/s/_____
KENNETH J. GONZALES[1]
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.