IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTOINETTE MARQUEZ,

      Plaintiff,

v.                                                               No. 1:24-cv-00423-KG-JMR

AMBER BAKER-CHAVEZ, *et al.*,

      Defendants.

**ORDER DENYING PLAINTIFF'S MOTION**
**FOR LEAVE TO FILE SURREPLY AND TO AMEND SURREPLY AND**
**ORDER GRANTING DEFENDANTS' MOTIONS TO STRIKE SURREPLIES**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Motion Request for Leave and Request to Amend Plaintiff's Surreply to APS, Doc. 144, filed May 22, 2025 ("Plaintiff's Motion); Defendant Albuquerque Public School's Motion to Strike Plaintiff's Surreply, Doc. 151, filed June 12, 2025 ("APS' Motion"); and State Defendants' Motion to Strike Plaintiff's Surreply, Doc. 155, filed June 12, 2025 ("State Defendants' Motion").

**Order Denying Plaintiff's Motion**

*Pro se* Plaintiff requests: (i) leave to file a surreply to the State Defendants' Motion to Dismiss; and (ii) to amend her previously filed surreply to Defendant Albuquerque Public Schools' Motion to Dismiss. *See* Plaintiff's Motion at 1-2.

The State Defendants filed a Motion to Dismiss Plaintiff's Fifth Amended Complaint. *See* Doc. 115, filed February 17, 2025. Plaintiff filed her Response, which was due March 3, 2025, on April 3, 2025. *See* Doc. 131. The State Defendants filed their Reply on April 17, 2025. *See* Doc. 136. Now, over a month after the State Defendants filed their Reply, Plaintiff seeks leave to file a surreply stating she "missed the deadline due to extensive research and reading in order to

address the State Defendants' [Reply] [because she was] replying to other defendants' motions, and excusable negligence." *See* Motion at 1.

> Generally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply. *Id.* If the district court does not rely on the new material in reaching its decision, however, "it does not abuse its discretion by precluding a surreply." *Id.* at 1164–65. "Material," for purposes of this framework, includes both new evidence and new legal arguments. *Doebele v. Sprint/United Mgmt. Co.,* 342 F.3d 1117, 1139 n. 13 (10th Cir.2003).

*Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) (quoting *Beaird v. Seagate Tech., Inc.,* 145 F.3d 1159, 1164 (10th Cir.1998). The Court denies Plaintiff's request for leave to file a surreply to the State Defendants' Motion to Dismiss because Plaintiff has not identified any new material in the State Defendants' Reply.

Defendant Albuquerque Public Schools ("APS") filed a Motion to Dismiss Plaintiff's Fifth Amended Complaint on February 13, 2025. *See* Doc. 114. Plaintiff filed her Response, which was due February 27, 2025, on March 25, 2025. *See* Doc. 126. APS filed its Reply on March 26, 2025. *See* Doc. 128. Plaintiff subsequently filed a Surreply. *See* Doc. 133, filed April 9, 2025. The Court granted APS' Motion to strike Plaintiff's Surreply because Plaintiff did not seek leave of the Court to file her Surreply as required by Local Rule 7.4(b). *See* Order Striking Surreply, Doc. 142, filed May 15, 2025; D.N.M.LR-Civ. 7.4(b) ("The filing of a surreply requires leave of the Court"). Plaintiff now requests leave "to amend surreply to APS as a reply" because "she intended it to be a Reply Motion to APS's [Motion to Dismiss] and not a surreply." Motion at 1-2. The Court denies Plaintiff's request to amend her Surreply because the Court has struck the Surreply.

**APS' Motion to Strike Surreply**

Plaintiff filed a second Surreply to APS' Motion to Dismiss. *See* Doc. 148, filed May 29, 2025 ("Surreply to APS' Motion to Dismiss"). APS moves the Court to strike Plaintiff's Surreply

2

to APS' Motion to Dismiss on the grounds that Plaintiff did not obtain leave of the Court as required by the District of New Mexico's Local Rules of Civil Procedure. *See* APS' Motion at 1-2; D.N.M.LR-Civ. 7.4(b) ("The filing of a surreply requires leave of the Court"). Plaintiff did not file a response to APS' Motion by the June 26, 2025, deadline.

> "[D]istrict courts are afforded great discretion regarding control of the docket and parties." *United States v. Orozco*, 916 F.3d 919, 925 (10th Cir. 2019) (quotations omitted). Federal Rule of Civil Procedure 12(f) governs what a "court may strike from a pleading." *Ysais v. N.M. Judicial Standard Com'n*, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009) (quotations omitted); *see* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter ... on its own."). "Generally, ... motions, briefs, and memoranda may not be attacked by a motion to strike." *Ysais*, 616 F. Supp. 2d at 1184.
>
> "The exception to this principle is that a [c]ourt may choose to strike a filing that is not allowed by local rule ...." *Id.* (quotations omitted); *see Bustillo v. Hawk*, 44 F. App'x 396, 400-01 (10th Cir. 2002) (unpublished) (upholding district court's decision to strike filing based on local rules); *In re Hopkins*, No. 98-1186, 1998 WL 704710, at *3 n.6 (10th Cir. Oct. 5, 1998) (unpublished) (noting "it was well within the discretion of the district court to strike" briefs that did not comply with local rules).

*Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020) (footnote omitted).

The Court grants Defendant APS's Motion to Strike Plaintiff's Surreply because Plaintiff filed her Surreply to APS' Motion to Dismiss without obtaining leave of the Court as required by Local Rule 7.4(b).

**State Defendants' Motion to Strike Surreply**

Plaintiff filed a Surreply to the State Defendants' Motion to Dismiss. *See* Doc. 147, filed May 29, 2025. The State Defendants move the Court to strike Plaintiff's Surreply to the State Defendants' Motion to Dismiss on the grounds that Plaintiff did not obtain leave of the Court to file her Surreply to the State Defendants' Motion to Dismiss as required by the District of New Mexico's Local Rule 7.4(b). *See* State Defendants' Motion at 1-2. Plaintiff did not file a response to the State Defendants' Motion by the June 26, 2025, deadline.

The Court grants the State Defendants' Motion to Strike Plaintiff's Surreply because Plaintiff filed her Surreply to the State Defendants' Motion to Dismiss without obtaining leave of the Court as required by Local Rule 7.4(b).

**IT IS ORDERED** that:

(i) Plaintiff's Motion Request for Leave and Request to Amend Plaintiff's Surreply to APS, Doc. 144, filed May 22, 2025, is **DENIED.**

(ii) Defendant Albuquerque Public School's Motion to Strike Plaintiff's Surreply, Doc. 151, filed June 12, 2025, is **GRANTED.**

(iii) The State Defendants' Motion to Strike Plaintiff's Surreply, Doc. 155, filed June 12, 2025, is **GRANTED.**

/s/
KENNETH J. GONZALES[1]
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.