IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTOINETTE MARQUEZ,

      Plaintiff,

v.                                                                                                                       No. 1:24-cv-00423-KG-JMR

AMBER BAKER-CHAVEZ, *et al.*,

      Defendants.

**ORDER OVERRULING OBJECTIONS
TO ORDER IMPOSING FILING RESTRICTIONS
AND ORDER DENYING MOTION FOR SERVICE**

      After giving Plaintiff notice of her numerous failures to comply with Court Orders and the Federal and Local Rules of Civil Procedure, the Court ordered Plaintiff to show cause why the Court should not impose filing restrictions. *See* Order to Show Cause, Doc. 141, filed May 8, 2025. After considering Plaintiff's Response, Doc. 143, filed May 20, 2025, to the Order to Show Cause, the Court imposed the proposed filing restrictions. *See* Order Imposing Filing Restrictions, Doc. 156, filed June 24, 2025. Plaintiff filed an Objection to the Order Imposing Filing Restrictions and Order Denying Motions for Service on July 3, 2025. *See* Doc. 159 ("Objection").

      On July 22, Plaintiff appealed the Order Imposing Filing Restrictions. *See* Notice of Appeal, Doc. 163, filed July 22, 2025. The United States Court of Appeals for the Tenth Circuit dismissed the appeal for lack of jurisdiction on September 3, 2025. *See* Order, Doc. No. 171. With the appeal now dismissed, the Court addresses Plaintiff's Objection to the Order Imposing filing Restrictions and Order Denying Motions for Service.

      Plaintiff states:

> The Plaintiff objects to the imposition of filing restrictions, as the Plaintiff has made good faith efforts to comply with the Court's Orders and the Federal Rules of Civil

> Procedure, the Plaintiff has filed the Fifth Amended Complaint as ordered, limited to fifty (50) pages, and has responded to motions and Court directives to the best of her understanding and ability as a pro se litigant. The Plaintiff addressed compliance and FRCP she followed three separate times.

Objection at 1. The Court disagrees that Plaintiff has made good faith efforts to comply with Court Orders and the Rules. Plaintiff failed to comply with two of Judge Rozzoni's Orders that clearly directed Plaintiff to file amended complaints not exceeding 50 pages. *See* Doc. 9 at 4, filed June 17, 2024; Doc. 100 at 3, filed December 20, 2024. Instead, Plaintiff filed three amended complaints exceeding 50 pages. *See* Second Amended Complaint, Doc. 10, filed June 28, 2024; Third Amended Complaint, Doc. 78, filed November 27, 2024 (Plaintiff filed her Third Amended Complaint without seeking leave of the Court and without Defendants' consent); Fourth Amended Complaint, Doc. 105, filed January 8, 2025. Plaintiff only filed her Fifth Amended Complaint *after* the undersigned ordered her to file a fifth amended complaint. *See* Doc. 107, filed January 13, 2025.

> Plaintiff also argues:
>
> The Restrictions significantly limit the Plaintiff's access to the Courts and ability to prosecute her claims, which raises due process concerns. Such a sanction is severe and should be imposed only when there is clear evidence of bad faith, vexatious litigation, or abusive conduct.

Objection at 1. The filing restrictions do not deny Plaintiff meaningful access to the Court. The Tenth Circuit has explained:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so

> burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted).

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013). There are three pending motions to dismiss. Briefing on the three pending motions to dismiss was completed before the Court imposed filing restrictions. The Court made exceptions to the filing restrictions to allow Plaintiff to: (i) complete briefing on pending motions; (ii) file responses to any motions to dismiss filed by two Defendants who have not yet appeared in this case; and (iii) file an objection to any Court orders entered after the Order Imposing Filing Restrictions. *See* Order Imposing Filing Restrictions at 7-8 (also stating the Court may order additional exceptions later). Plaintiff has not cited any authority supporting her argument that filing restrictions should be imposed "only when there is clear evidence of bad faith, vexatious litigation, or abusive conduct." Plaintiff's conduct in this case has been abusive because she has repeatedly failed to comply with Court Orders and the Federal and Local Rules of Civil Procedure. *See* Black's Law Dictionary (12th ed. 2024) ("abusive adj. 1. Characterized by wrongful or improper use"); Order to Show Cause at 1-4 (describing Plaintiff's abusive conduct).

Plaintiff's asserts that the Court denied Plaintiff's Motion, Doc. 145, filed May 29, 2025, to seal a filed document "without allowing the Plaintiff to reply" to Defendant APS' Response, Doc. 152, filed June 12, 2025. Plaintiff had an opportunity to file a reply. Her reply was due June 26, 2025. Plaintiff did not file a reply by the June 26, 2025, deadline and did not request an extension of time to file her Reply. Plaintiff filed her Reply on July 3, 2025, a week after her Reply was due. *See* Doc. 160. The argument in Plaintiff's untimely Reply misstated the relevant law. Plaintiff stated Defendant's Response is misleading because "[o]nly the minor['s] initials should be used per the FRCP 5.2, which APS admits was not done." Reply at 2. The Court denied Plaintiff's Motion to seal because the attachment Plaintiff sought to seal contains documents filed

3

in a state court proceeding regarding enforcement/modification of custody and the redaction requirement of Rule 5.2(a) "does not apply to . . . the official record of a state-court proceeding." Order Denying Motion to Seal, Doc. 157, filed July 1, 2025 (also stating Plaintiff has not shown a real and substantial interest that justified depriving the public of access to the attachment) (quoting Fed. R Civ. P. 5.2(b)(3)).

Plaintiff "acknowledges" filing a surreply "but believed based on Reading Rule 7 and other guidance, that the reply addressed new arguments or misleading statements raised in the Defendants' replies." Objection at 3. Plaintiff does not explain why she filed the surreply without first obtaining leave of the Court as required by Local Rule of Civil Procedure D.N.M.LR-Civ. 7.4(b).

Plaintiff "contends that further explanation or a hearing should have been granted prior to imposition of broad filing restrictions, especially as the conduct at issue stems from confusion rather than deliberate defiance." Objection at 3. The Court provided Plaintiff notice and an opportunity to oppose the proposed filing restrictions before the Court entered its Order Imposing Filing Restrictions. *See* Order to Show Cause; *Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013) ("In addition, [the party] is entitled to notice and an opportunity to oppose the court's order [imposing filing restrictions] before it is instituted. A hearing is not required; a written opportunity to respond is sufficient").

The Court overrules Plaintiff's Objection to the Order Imposing Filing Restrictions. The Court has a responsibility to secure the just, speedy and inexpensive determination of this case. Despite the Court notifying Plaintiff several times of her responsibility comply with Court Orders and the Federal and Local Rules of Civil Procedure, Plaintiff continued to fail to comply. The Court has the inherent power to regulate the activities of abusive litigants by imposing filing

4

restrictions that are carefully tailored under the appropriate circumstances. The filing restrictions the Court has imposed do not deny Plaintiff of meaningful access to the Court.

**Objection to Order Denying Motions for Service**

Plaintiff also objects to denial of her motions for service on Defendants Billy Cobos and Jennifer Lopez. Objection at 3. Plaintiff states she "is proceeding in forma pauperis and is entitled to have the Court direct service of process under 1915(d) on unserved defendants" and "has made repeated efforts to request such service in compliance with the statu[t]e and relevant procedure." Objection at 3.

The Court denied Plaintiff's Motions for service on Defendants Billy Cobos and Jennifer Lopez stating:

> The Court denies Plaintiff's Motions for service on Defendants Cobos and Lopez. There are three pending motions to dismiss in this case filed by other Defendants. *See* All Faith's Children Advocacy Center et al.'s Motion to Dismiss, Doc. 112, filed February 12, 2025; Albuquerque Public School's Motion to Dismiss, Doc. 114, filed February 13, 2025; State of New Mexico Defendants' Motion to Dismiss, Doc. 115, filed February 17, 2025. After the Court rules on the pending motions to dismiss, the Court will review Plaintiff's Fifth Amended Complaint to determine whether it states claims against Defendants Cobos and Lopez. *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted").

Order to Show Cause at 8-9.

The Court overrules Plaintiff's objection to the Order denying Plaintiff's Motion for service on Defendants Cobos and Lopez. Now that Plaintiff's appeal has been dismissed, the Court will address the pending motions to dismiss, review the Fifth Amended Complaint and, if the Fifth Amended Complaint states claims against Defendants Cobos and Lopez, order service on Defendants Cobos and Lopez.

**IT IS ORDERED** that Plaintiff's Objection to Order Imposing Filing Restrictions and Order Denying Motions for Service, Doc. 159, filed July 3, 2025, is **OVERRULED.**

/s/
KENNETH J. GONZALES[1]
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.