IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTOINETTE MARQUEZ,

       Plaintiff,

v.                                                            No. 1:24-cv-00423-KG-JMR

AMBER BAKER-CHAVEZ, *et al.*,

       Defendants.

**ORDER GRANTING IN PART ALL FAITHS DEFENDANTS' MOTION TO DISMISS**

This case arises from events occurring in conjunction with child custody proceedings in state court. *See* Fifth Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 110, filed January 31, 2025 ("Fifth Amended Complaint").[1] *Pro se* Plaintiff asserts claims against several state officials including judges, judicial employees and case workers, the Children, Youth and Families Department ("CYFD") and the State of New Mexico (collectively "the State Defendants") and against Albuquerque Public Schools and several private individuals and entities. *See* Fifth Amended Complaint at 1 (naming 25 Defendants).

Plaintiff asserts four claims against: (i) All Faiths Children's Advocacy Center; (ii) Heidi Monge, a therapist/supervisor at All Faiths; (iii) Isidro Vigil, a therapist/clinical supervisor at All Faiths; and (iv) Jennifer Gordon, a therapist/clinical supervisor at All Faiths, (collectively the "All Faiths Defendants"), pursuant to federal law:

Count 1 – Deprivation of Rights pursuant to 42 U.S.C. § 1983;

Count 2 – RICO;

Count 3 – RICO conspiracy;

Count 8 - 42 U.S.C. § 1986, Action for neglect to prevent;

---

[1] The docket incorrectly refers to the Fifth Amended Complaint as the Sixth Amended Complaint.

and four claims pursuant to state law:

   Count 4 – Civil Conspiracy;

   Count 5 – Abuse of Process;

   Count 6 – Fraud; and

   Count 7 – Theft or Alteration of Records Process, False Bail.  *See* Fifth Amended Complaint

at 35-45.

   The All Faiths Defendants have moved to dismiss Plaintiff's Fifth Amended Complaint.  *See*

All Faiths Defendants' Motion to Dismiss Plaintiff's Fifth Amended Complaint, Doc. 112, filed

February 12, 2025 ("Motion").

   Plaintiff did not file a response opposing All Faith Defendants' Motion by the February 26,

2025, deadline; nor did she seek an extension of time to file a response.  *See* D.N.M.LR-Civ. 7.4(a)

("A response must be served and filed within fourteen (14) calendar days after service of the motion").

Plaintiff filed her Response almost four weeks after the deadline.  *See* Doc. 125, filed March 25, 2025.

The All Faiths Defendants did not file a reply but filed an Amended Notice of Completion of Briefing

stating

> Plaintiff has failed to file a Response by the deadline which would have been on
> February 26, 2025. Plaintiff filed an untimely Response on March 25, 2025.  [See Doc.
> 125] Plaintiff did not request an extension to the deadline to file a Response,
> Defendants did not agree to an extension to the deadline to file a Response, and
> Plaintiff did not seek leave of Court for an extension to the deadline to file a Response.
> Pursuant to D.N.M.LR-Civ. 7.1(b), the failure to file and serve a Response in
> opposition to the motion within the time prescribed for doing so constitutes consent to
> grant the motion.  Accordingly, Defendants have not filed a Reply in support of the
> Motion to Dismiss.

Doc. 130, filed March 26, 2025.  "[E]ven if a plaintiff does not file a response to a motion to dismiss

for failure to state a claim, the district court must still examine the allegations in the plaintiff's

complaint and determine whether the plaintiff has stated a claim upon which relief can be granted."

*Thiess v. City of Wheat Ridge, Colo.*, 823 Fed.Appx. 682, 685 (10th Cir. 2020) (quoting *Issa v. Comp*

*USA*, 354 F.3d 1174, 1178 (10th Cir. 2003)).  Consequently, the Court has considered Plaintiff's late

Response.  For the reasons stated below, the Court grants the All Faiths Defendants' Motion in part.

**Legal Standard for Stating a Claim**

> We use the *Iqbal/Twombly* standard to determine whether Plaintiffs have stated a plausible claim. *Brown v. Montoya*, 662 F.3d 1152, 1162–63 (10th Cir. 2011). In applying this standard, we take Plaintiffs' well-pleaded facts as true, view them in the light most favorable to Plaintiffs, and draw all reasonable inferences from the facts in favor of Plaintiffs. *Id.* at 1162. A plausible claim includes facts from which we may reasonably infer Defendant's liability. *Id.* at 1163. Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. *Id.* Allegations that are "'merely consistent with' a defendant's liability" stop short of that line. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Labels, conclusions, formulaic recitations of elements, and naked assertions will not suffice. *Id.* An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement. *Kellum v. Mares*, 657 Fed. App'x 763, 770 (10th Cir. 2016) (unpublished) (citing Black's Law Dictionary (10th ed. 2014)). Conclusory allegations are "not entitled to the assumption of truth." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019). We must draw on our experience and common sense in evaluating the plausibility of a claim. *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937. The degree of specificity needed to establish plausibility and provide fair notice depends on the context and the type of case. *Id.*; *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

*Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (footnote omitted); *Bledsoe*

*v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022) (To state a Section 1983 conspiracy claim, a plaintiff

has to allege "specific facts showing an agreement [upon a common, unconstitutional goal], and

concerted action [taken to advance that goal") among defendants".)

**Count 1 – Deprivation of Rights Pursuant to 42 U.S.C. § 1983 and 18 U.S.C. §§ 241 and 242**

Plaintiff asserts due process and equal protection claims pursuant to 42 U.S.C. § 1983 against

the All Faiths Defendants, *see* Fifth Amended Complaint at 35-36, and alleges the following regarding

the All Faiths Defendants:

**All Faiths Children's Advocacy Center**

148.  All Faiths Children's Advocacy Center, as a provider of forensic investigation services, is aware of the disclosures made by the Children involved in this matter, However, it is alleged that they have failed to take appropriate actions to ensure the protection of these Children.

149.  The Plaintiff alleges that the CYFD, through its contracting services, creates a referral pathway to its services which include forensic investigations into allegations of child abuse and neglect.

150.  Upon information and belief; these investigations involve disclosures made by children that are subsequently utilized by CYFD, law enforcement in their investigations, and courts.

151.  The Plaintiff asserts that CYFD has failed to uphold its duty to protect the rights of the Children involved, instead facilitating a narrative that may favor one parent over another, potentially through the use of false documents and misleading statements.

152.  It is further alleged that CYFD's actions deprived the Plaintiff of their parental rights and due process as guaranteed under the laws of New Mexico.

153.  The Plaintiff contends that All Faiths Children's Advocacy Center has fully and knowingly participated in the actions described herein, thereby aiding, and abetting the overarching misconduct of CYFD and other parties involved, which constitutes a violation of rights of the Children and the Plaintiff.

**Heidi Monge**

154.  On or about April 2022, Defendant Heidi Monge filed a report with the New Mexico Children, Youth and Families Department (CYFD) against Defendant Billy Cobos alleging abuse.

155.  Subsequently, Defendant Monge retracted her report following discussions with Defendant Rachel Rascon, indicating a potential collusion to manipulate the narrative surrounding the allegations.

156.  On Ap[r]il 26, 2022, the Plaintiff's then-attorney communicated via email that Defendant Monge has withdrawn her report, alleging that she believed the Plaintiff was "coaching" the child involved.  This allegation indicates a bad faith intent to undermine the credibility of the Plaintiff and the child's testimony.

157.  Defendant Monge's assertion of the Child's alleged inability to connect during sessions is contradicted by the Child's friendly demeanor and positive interactions noted by teachers and other professionals.  This discrepancy raises questions about the validity of Defendant Monge's professional assessments.

158.  Furthermore, Defendant Monge attempted to silence a witness and victim by asserting that the Child involved ha[s] autism, a claim that lack[s] substantiation and

appears to be part of a broader conspiracy with Defendants Torres, Rascon, and The Enterprise to fabricate a false narrative.

159. The actions and statements made by Defendant Monge, along with those of the other Defendants, directly contradict the opinions of medical professionals, educators and colleagues who have interacted with the child over past years without expressing any concerns.

160. Defendants' conduct constitutes a violation of the New Mexico RICO Act, as they have engaged in a pattern of racketeering activity, including but not limited to making false statements, obstruction [of] justice and conspiracy to defame and discredit the Plaintiff.

**Isidro Vigil**

161. On January 26, 2023, Defendant Isidro Vigil knowingly participated in the concealment of the wrongful acts and abusive behaviors perpetrated by the Defendant H[ei]di Monge against her oldest minor child.

162. Rather than adding the serious allegations against Heidi Monge, Defendant Vigil [s]pent an hour in a meeting justifying the confinement of the Children in a so-called "poop room."

163. During this meeting, Defendant Vigil inquired about what type of counseling the Plaintiff would suggest for the Childre[n], neglecting his duty to advocate for their immediate safety and well-being.

164. Defendant Vigil failed to provide any resolution regarding the wrongdoing and abuse that were clearly presented to him.

165. All Faiths Children's Advocacy Center, through which Defendant Vigil is employed, maintains an intertwined relationship with various entities, including law enforcement, the Courts, the District Attorney'[s] office, and CYFD, as acknowledged on their official website.

166. Defendant Vigil fully and knowingly participated in the wrongful acts described herein and aided and abetted the concealment of these acts as part of The Enterprise.

**Jennifer Gordon**

167. On or about April 11, 2023, a hearing was held concerning the welfare of the Plaintiff's Children.

168. Prior to this hearing, Defendant Jennifer Gordon communicated with both the Plaintiff and Defendant Billy Cobos, informing them that All Faiths Children's Advocacy Center was terminating counseling services for the two oldest Children. This communication was documented in an email sent by Jennifer Gordon (See Exhibit 13).

169.  The Plaintiff was not afforded adequate time to secure alternative counseling services for the Children before the hearing which adversely affected the Plaintiff's [sic] to present her case.

170.  During the court proceedings, it was noted that the Children were not attending counseling services, leaving the Plaintiff in a precarious position.

171.  It is the Plaintiff's belief that Defendants Stephen Matthew Torres and Billy Cobos conspired with All Faiths Children's Advocacy Center to intentionally terminate services, thereby defrauding the Court, and using this situation against the Plaintiff during the hearing on April 11, 2023.

172.  To the Plaintiff's knowledge, as of 2023, the Children remain enrolled with All [F]aith[s] Children's Advocacy Center, as evidenced by communication received regarding counseling sessions for the two oldest Children.
'
173.  Jennifer Gordon knowingly participated in the aforementioned actions and provided assistance to the Defendants in furtherance of this conspiracy thereby acting as an accomplice to the unlawful conduct for The Enterprise.

Fifth Amended Complaint at 22-25.

The All Faiths Defendants assert Plaintiff fails to state claims pursuant to 42 U.S.C. § 1983.

*See* Motion at 3-6.  "The two elements of a Section 1983 claim are (1) deprivation of a federally

protected right by (2) an actor acting under color of state law."  *Schaffer v. Salt Lake City Corp.*, 814

F.3d 1151, 1155 (10th Cir. 2016).  The All Faiths Defendants contend that Plaintiff does not allege

that the All Faiths Defendants violated any federally protected right and that Plaintiff's conclusory

allegations that the All Faiths Defendants violated her rights do not state a plausible Section 1983

claim.  *See* Motion at 3.

Plaintiff argues that she has established that the All Faiths Defendants deprived her of federal

protected rights stating:

the Plaintiff's 1st amendment defamation libel written false statements made by All Faith's employees were aware as via email employees, supervisors, and their legal team were made aware, Heidi Monge, Isidro Vigil, and Jennifer Gordon.  Heidi providing false written statements to CYFD Caseworker Rachel Rascon and other documentation.  Isidro Vigil making false statements to cover up Heidi Monge, Jennifer Gordon making false written document of Children missing counseling.  The Plaintiff's 14th amendment of the alleged false statements, procedural due process,

> New Mexico Bill of Rights, inherent rights, reserved rights, parental rights, Violence Against Women Act emotional and psychological abuse The Enterprises way to conspire and cover up their scheme and depriving the Plaintiff of her rights.  Further, additional criminal acts are listed under COUNT THREE, Paragraph 295.

[sic] Response at3-4.

Having carefully reviewed the allegations in the Fifth Amended Complaint regarding the All Faiths Defendants, quoted above, and Plaintiff's argument in her Response, the Court finds that Plaintiff fails to show that the All Faiths Defendants deprived Plaintiff of a federally protected rights. Use of false documents and misleading statements, withdrawing a report due to a concern that Plaintiff was "coaching" the child involved, statements that a child has autism and is unable to "connect" during therapy sessions and that contradict opinions of medical professionals, and the All Faiths Defendants' other actions alleged by Plaintiff do not plausibly show that they deprived Plaintiff of federally protected rights.  *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("A plausible claim includes facts from which we may reasonably infer Defendant's liability. Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. Allegations that are merely consistent with a defendant's liability stop short of that line") (citations and quotation marks omitted).  Conclusory allegations that the All Faiths Defendants conspired with other Defendants are not sufficient.  *See Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022) (To state a Section 1983 conspiracy claim, a plaintiff has to allege "specific facts showing an agreement [upon a common, unconstitutional goal], and concerted action [taken to advance that goal") among defendants".)

The All Faiths Defendants also contend that the Fifth Amended Complaint fails to allege any facts that could plausibly support a claim that the All Faiths Defendants are state actors.  *See* Motion at 4-5 (stating "Plaintiff appears to allege that All Faiths Defendants are state actors because they work with government entities, CYFD makes a referral for counseling services to Defendant All Faiths Children Advocacy Center," Defendant Monge filed a report with CYFD that Plaintiff believes

was inaccurate, All Faiths Children's Advocacy Center "maintains an intertwined relationship with various entities including law enforcement, the Courts, the District Attorney' [sic] office, and CYFD").

Plaintiff argues that she established that the All Faiths Defendants are state actors stating:

The defendants working closely with police, District attorney, and other state agencies establish Defendants acting under the color of state law. Additionally, due to the interwinding the lack of the New Mexico Department of Justice interest to investigate the Complaint filed by the Plaintiff.

[sic] Response at 4.

There are four tests for determining whether a private person is a state actor pursuant to Section 1983:

"Where a litigant seeks to hold a private actor accountable as a state actor for constitutional deprivations, we have applied various analyses and referred to them as the 'nexus test,'[2] the 'public function test,'[3] the 'joint action test,'[4] and the 'symbiotic relationship test.'"[5] *Wittner v. Banner Health*, 720 F.3d 770, 775 (10th Cir. 2013). At the heart of each test is "whether the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State." *Wasatch Equal. v. Alta Ski Lifts Co.*, 820 F.3d 381, 387 (10th Cir. 2016) (internal quotation marks omitted).

*Barnett v. Hall, Estill, Hardwick,, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1235-36 (10th Cir. 2020).

---

[2] "Under the nexus test, a plaintiff must demonstrate that 'there is a sufficiently close nexus' between the government and the challenged conduct such that the conduct 'may be fairly treated as that of the State itself.'" *Fowler v. Stitt*, 104 F.4th 770, 798 (10th Cir. 2024).

[3] The public function test asks "whether the private entity exercises 'powers traditionally exclusively reserved to the State.'" *Wasatch Equality v. Alta Ski Lifts Co.*, 820 F.3d 381, 386 (10th Cir. 2016) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)).

[4] One way to satisfy the joint action test is to demonstrate that the public and private actors engaged in a conspiracy by showing that both public and private actors share a common, unconstitutional goal, reached an agreement and took concerted action to advance that goal. *Barnett v. Hall, Estill, Hardwick,, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1235-36 (10th Cir. 2020).

[5] The symbiotic relationship test asks "whether the state has 'so far insinuated itself into a position of interdependence' with the private party that there is a 'symbiotic relationship' between them." *Wasatch Equality v. Alta Ski Lifts Co.*, 820 F.3d 381, 386 (10th Cir. 2016) (quoting *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (1995)).

The Fifth Amended Complaint fails to show that the All Faiths Defendants were state actors because it does not contain nonconclusory factual allegations showing that the All Faiths Defendants: (i) were "working closely with police, District attorney, and other state agencies" to an extent that their conduct may be fairly treated as that of the State itself; (ii) exercised powers traditionally exclusively reserved to the State; (iii) engaged in a conspiracy with the State Defendants, i.e. reached an agreement and took concerted action, to deprive Plaintiff of rights; or (iv) were in a symbiotic relationship with the State Defendants.

The Court dismisses Plaintiff's claims against the All Faiths Defendants in Count 1 for deprivation of rights pursuant to 42 U.S.C. § 1983 because the Fifth Amended Complaint does not plausibly allege that the All Faiths Defendants were acting under color of state law and deprived Plaintiff of federally protected rights.

**Count 2 - RICO and Count 3 – RICO Conspiracy**

Plaintiff asserts claims pursuant to the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1964, Civil remedies.

> To plead a valid RICO claim, a plaintiff must plausibly allege that a defendant "(1) conducted the affairs (2) of an enterprise (3) through a pattern (4) of racketeering activity." *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1248 (10th Cir. 2016). "Racketeering activity" consists of the criminal offenses listed in 18 U.S.C. § 1961(1), and a "pattern" requires at least two racketeering acts committed within ten years of each other. 18 U.S.C. § 1961(5).

*Johnson v. Heath*, 56 F.4th 851, 858-859 (10th Cir. 2022). The Court discussed the relevant case law regarding RICO claims in its Order granting the State of New Mexico Defendants' Motion to Dismiss and incorporates that discussion by reference. *See* Mem. Op. and Order Granting State Defendants' Motion to Dismiss at 14-16, Doc. 173, filed September 19, 2025.

The All Faiths Defendants do not address whether the Court should dismiss Plaintiff's claims pursuant to RICO in Counts 2 and 3.

In its Order Granting State Defendants' Motion to Dismiss, the Court dismissed Plaintiff's RICO claims against the State Defendants because the allegations in the Fifth Amended Complaint did not show that the State Defendants functioned as part of a continuing unit with a shared purpose to deprive Plaintiff of her rights through crimes that constitute racketeering activities. *See* Doc. 173 at 16-17, filed September 19, 2025; State Defendants' Motion to Dismiss at 17, Doc. 115, filed February 17, 2025 (stating Plaintiff failed to state a conspiracy claim). The Court cannot apply that ruling to the All Faiths Defendants' Motion in the absence of briefing by the relevant parties because that ruling was based on factual allegations regarding the State Defendants' conduct. The Court defers ruling on the All Faiths Defendants' Motion to dismiss Count 2 and 3 of the Fifth Amended Complaint and orders the All Faiths Defendants and Plaintiff to file supplemental briefs addressing Plaintiff's RICO claims.

**Count 8 – Neglect to Prevent**

Although not obvious, the Fifth Amended Complaint, liberally construed, asserts a claim pursuant to 42 U.S.C. § 1986, Action for neglect to prevent. In Count 8, "Action for Neglect to Prevent," Plaintiff alleges Defendants "engaged in a concerted effort to make knowingly neglected to prevent the wrongs conspired to be done, having power or aid in preventing the commission of the same, neglected or refused to do so." [sic] Fifth Amended Complaint at 45. Plaintiff does not reference 42 U.S.C. § 1986 in Count 8. Plaintiff does, however, reference 42 U.S.C. § 1986 41 pages previously in the "Jurisdiction" section of the Fifth Amended Complaint. *See* Fifth Amended Complaint at 4.

42 U.S.C. § 1986:

provides a cause of action against "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 ... are about to be committed, and having power to prevent or aid ... neglects or refuses to do so." Hence, there can be no valid claim under § 1986 of neglect to prevent a known conspiracy, in the absence of a conspiracy under § 1985. Santistevan and Herrera failed to establish

a viable § 1985(1) cause of action. Thus, the district court properly dismissed their § 1986 claim. . .

*Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984).

The All Faiths Defendants do not address whether the Court should dismiss Plaintiff's Section 1986 claim, apparently because Plaintiff did not reference Section 1986 in Count 8.

In its Order Granting State Defendants' Motion to Dismiss, the Court dismissed Plaintiff's Section 1986 claims against the State Defendants because Plaintiff failed to establish a viable Section 1985 claim. *See* Doc. 173 at 18, filed September 19, 2025; State Defendants' Motion to Dismiss at 17, Doc. 115, filed February 17, 2025 (stating Plaintiff failed to state a conspiracy claim). The Court cannot apply that ruling to the All Faiths Defendants' Motion in the absence of briefing by the relevant parties. *See Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020) ("A district court, however, may take judicial notice of its own files and records, as well as facts which are a matter of public record, without converting a motion to dismiss into a motion for summary judgment. But we have stated that when a district court considers its own files and records in ruling on a Rule 12(b)(6) motion, [t]he documents may only be considered to show their contents, not to prove the truth of matters asserted therein.") (citations and quotation marks omitted). The Court defers ruling on the All Faiths Defendants' Motion to dismiss Count 8 of the Fifth Amended Complaint and orders the All Faiths Defendants and Plaintiff to file supplemental briefs addressing Count 8.

### *Rooker-Feldman* Doctrine

The All Faiths Defendants state:

Plaintiff's claims are barred under the *Rooker-Feldman* doctrine. Plaintiff's claims in this case center entirely on allegations specific to rulings and alleged conduct related to Plaintiff's custody case in state court. As a result, Plaintiff's claims in this federal court case amount to no more than asking this Court to overturn a state court decision in a pending state court custody matter.

Motion at 6 (citation omitted). The Court discussed the relevant law regarding the *Rooker-Feldman* doctrine in its Order granting the State of New Mexico Defendants' Motion to Dismiss and

incorporates that discussion by reference. *See* Mem. Op. and Order Granting State Defendants'

Motion to Dismiss at 21-22, Doc. 173, filed September 19, 2025.

Plaintiff contends *Rooker-Feldman* does not bar her Fifth Amended Complaint because:

> these state court orders are separable from and collateral to the federal complaint, and the federal court is not being asked to sit in appellate review of either state court ruling. Weis [*Builder, Inc. v. Kay S. Brown Living Trust*], 263 F.Supp. [1197,] 1200-02 [(D. Colo. 2002)]. "There are however significant limitations on the scope of the [*Rooker-Feldman*] doctrine. 'If the purpose of federal action is separable from and collateral to a state court judgment, then the claim is not 'inextricably intertwined' merely because the action necessitates some consideration of the merits of the state court judgement." Kiowa, 150 F.3d at 1170 (quotation omitted). We have cautioned that "Supreme Court jurisprudence ... Compel[s] a narrow reading of the 'inextricably intertwined' test."

Response at 5.

The Court is not persuaded by Plaintiff's argument that she is not seeking to appellate review

state court orders in this case. Plaintiff seeks the following relief:

1.   An order declaring that the proceedings of the State Court herein identified, and all orders promulgated therefrom, are null and void and of no effect.

2.   [A declaration] that the defendants have acted illegally and unconstitutionally in violating the Plaintiff's constitutional rights and liberties and have acted illegally and unconsciously and it is capricious and willful manner in hindering and preventing the Plaintiff's effort to bring action in Court.

3.   Issue an emergency return order for two oldest minor Children mirroring aspects of Hague Convention for two older minor children held hostage for over 625 days by Defendant Billy Cobos and Jennifer Lopez and all law enforcement to aid in the return.

4.   An order declaring that all Defendant[s]' acts or omissions, described herein, violated the 1st, 4th, 8th, and 14th Amendments to the United States Constitution.

Fifth Amended Complaint at 47 (also seeking compensatory and punitive damages).

The Court is also not persuaded by Plaintiff's argument that Plaintiff's claims are not

inextricably intertwined with the state-court proceedings.

Claims that directly seek to set aside a state court judgment are *de facto* appeals that are barred [by *Rooker-Feldman*] without further analysis. *Id*. But even federal claims

that were not raised in state court, or that do not on their face require review of a state court's decision, may still be subject to *Rooker-Feldman* if those claims are inextricably intertwined with a state court judgment. *Sykes*, 837 F.3d at 742 (citation omitted); *see also Feldman*, 460 U.S. at 482 n.16, 103 S.Ct. 1303. While the latter concept is a "somewhat metaphysical" one, the crucial point is whether the district court is essentially being called upon to review the state court decision. *Taylor*, 374 F.3d at 533 (citation and internal quotation marks omitted). Ultimately, the "determination hinges on whether the federal claim alleges that the injury was caused by the state court judgment, or alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy." *Sykes*, 837 F.3d at 742; *see also Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 555 (7th Cir. 1999). If we determine that a claim is inextricably intertwined with a state court judgment—that is, that the former indirectly seeks to set aside the latter—then we must determine whether the plaintiff had a reasonable opportunity to raise the issue in state court proceedings. *Taylor*, 374 F.3d at 533 (quoting *Brokaw v. Weaver*, 305 F.3d 660, 668 (7th Cir. 2002)). If so, the claim is barred.

*Jakupovic v. Curran*, 850 F.3d 898, 902 (10th Cir. 2017). "*Rooker-Feldman* does not bar a federal court claim merely because it seeks relief inconsistent with a state court judgment. Instead, for the doctrine to apply, an element of the claim must be that the state court wrongfully entered its judgment." *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 515 (10th Cir. 2023) (footnotes and citations omitted).

Plaintiff has not shown that the Court has jurisdiction over her civil rights claims. Plaintiff's requests for injunctive and declaratory relief, quoted above, are inextricably intertwined with the state court judgment because Plaintiff indirectly seeks to set aside the state court judgment by returning custody of her children to Plaintiff on the ground that the state court wrongfully entered its judgment by violating, along with the other Defendants, Plaintiff's civil rights.

**IT IS ORDERED** that the All Faiths Defendants' Motion to Dismiss Plaintiff's Fifth Amended Complaint, Doc. 112, filed February 12, 2025, is **GRANTED in part** as follows: (i) Plaintiff's claims against the All Faiths Defendants in Count 1 of the Fifth Amended Complaint are **DISMISSED with prejudice**; (ii) the Court defers ruling on Plaintiff's claims against the All Faiths Defendants in Counts 2 through 8. The All Faiths Defendants shall, within 14 days of entry of this Order, file a supplementary brief addressing whether the Court should dismiss Plaintiff's claim

pursuant to RICO and 42 U.S.C. § 1986.  Plaintiff shall, within 14 days after service of All Faiths

Defendants' supplementary brief, file a supplementary response.  Plaintiff may also file a motion for

an extension of time in which to file her supplementary response.

> /s/
> _____
> KENNETH J. GONZALES[6]
> CHIEF UNITED STATES DISTRICT JUDGE

---

[6] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.