IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTOINETTE MARQUEZ,

        Plaintiff,

v.                                                                                                          No. 1:24-cv-00423-KG-JMR

AMBER BAKER-CHAVEZ, *et al.*,

        Defendants.

## ORDER REGARDING RESPONSE TO FIFTH AMENDED COMPLAINT

*Pro se* Plaintiff filed her Fifth Amended Complaint on January 31, 2025, pursuant to Court Order.  *See* Doc. 110; Order, Doc. 107, filed January 13, 2025.  Defendants Stephen Matthew Torres, Teresa Hanlon and Trujillo Dodd, Torres & O'Brien, LLC, d/b/a Family Law Firm, LLC, "Torres Defendants") moved for dismissal of Plaintiff's claims against them because "[s]ervice of process was never properly executed by the Plaintiff on these Defendants."   Defendants Stephen Matthew Torres, Teresa Hanlon and Trujillo Dodd, Torres & O'Brien, LLC, d/b/a Family Law Firm, LLC's ("Torres Defendants") Joint Third Motion to Dismiss, Doc. 119, filed February 28, 2025.

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  After Plaintiff filed her Fifth Amended Complaint, United States Magistrate Judge Jennifer M. Rozzoni ordered the Clerk to request that the Torres Defendants waive service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  *See* Order, Doc. 132, filed April 4, 2025.

The Torres Defendants waived service of the summonses and accepted service of the Fifth Amended Complaint.  *See* Waiver of the Service of Summons, Doc. 139, filed April 29, 2025.  "A defendant who, before being served with process, timely returns a waiver need not serve an answer

to the complaint until 60 days after the request was sent." Fed. R. Civ. P. 4(d)(3). The Clerk's Office sent the request for waiver on April 7, 2025, making the Torres Defendants' answer due on June 6, 2025. The Torres Defendants have not filed an answer or motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

Plaintiff has had an opportunity[1] but has not moved for entry of default or for default judgment since the Torres Defendants waived service. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, *and that failure is shown by affidavit or otherwise*, the clerk must enter the party's default) (emphasis added); Fed. R. Civ. P. 55(b)(2) (if a plaintiff's claims is not for a sum certain "a party must apply to the court for a default judgment").

**IT IS ORDERED** that Defendants Stephen Matthew Torres, Teresa Hanlon and Trujillo Dodd, Torres & O'Brien, LLC, d/b/a Family Law Firm, shall, within 21 days of entry of this Order, file an answer to the Fifth Amended Complaint or a motion pursuant to Rule 12 of the Federal Rules of Civil Procedure. Failure to timely respond to this Order may result in entry of default. If the Torres Defendants file a Rule 12 motion, Plaintiff may file a response and, if appropriate, a surreply. If the Court enters default, Plaintiff may file a motion for default judgment and a reply to the Torres Defendants' response. Plaintiff may also file motions for extensions of time to file her documents.

/s/_____
KENNETH J. GONZALES[2]
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] On May 8, 2025, the Court ordered Plaintiff to show cause why the Court should not impose filing restrictions on Plaintiff. See Doc.141. The Court did not impose filing restrictions on Plaintiff until June 24, 2025. *See* Order Imposing Filing Restrictions, Doc. 156.

[2] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.