IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTOINETTE MARQUEZ,

        Plaintiff,

v.                                                                                                                     No. 1:24-cv-00423-KG-JMR

AMBER BAKER-CHAVEZ, *et al.*,

        Defendants.

**ORDER OVERRULING PLAINTIFF'S OBJECTION TO
ORDER GRANTING STATE DEFENDANTS' MOTION TO DISMISS**

        This case arises from events occurring in conjunction with child custody proceedings in state court. *See* Fifth Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 110, filed January 31, 2025 ("Fifth Amended Complaint").[1] *Pro se* Plaintiff asserted claims against several state officials including judges, judicial employees and case workers, the Children, Youth and Families Department ("CYFD") and the State of New Mexico (collectively "the State Defendants") and against Albuquerque Public Schools and several private individuals and entities. *See* Fifth Amended Complaint at 1 (naming 25 Defendants).

        The State Defendants moved to dismiss Plaintiff's Fifth Amended Complaint. *See* Defendants' Motion to Dismiss Plaintiff's Fifth Amended Complaint, Doc. 115, filed February 17, 2025 ("Motion"). Plaintiff did not file a response opposing the State Defendants' Motion by the March 3, 2025, deadline; nor did she seek an extension of time to file a response. Plaintiff filed her Response a month after the deadline. *See* Doc. 131, filed April 3, 2025. The State Defendants did not move to strike the untimely Response and instead filed a Reply, Doc. 136, filed April 17,

---

[1] The docket incorrectly refers to the Fifth Amended Complaint as the Sixth Amended Complaint.

2025, and a Notice of Completion of Briefing, Doc. 137, filed April 18, 2025, which recognizes Plaintiff's untimely Response. Consequently, the Court considered Plaintiff's untimely Response.

The Court granted the State Defendants' Motion to Dismiss Plaintiff's Fifth Amended Complaint on September 19, 2025. *See* Order Granting State Defendants' Motion to Dismiss, Doc. 173 ("Order"). The Court dismissed Plaintiff's federal-law claims against the State Defendants with prejudice, declined to exercise supplemental jurisdiction over Plaintiff's state-law claims against the State Defendants and dismissed the state-law claims without prejudice. *See* Order at 24.

Plaintiff asserts several arguments objecting to the Court's dismissal of the claims against the State Defendants. *See* Objection to Order Doc. [173], Doc. 177, filed October 6, 2025 ("Objection"). The Court overrules Plaintiff's objections for the reasons that follow.

Plaintiff asserts "Defendants cannot simultaneously rely on immunity and failure to state a claim where Plaintiff has established judicial admissions, defaults, and joinders that bind them to liability." Objection at 1. Plaintiff then describes admissions allegedly made by Defendants Albuquerque Public Schools, Matthew Torres, Teresa Hanlon, Family Law Firm, LLC, All Faiths Advocacy Center, Billy Cobos, and Jennifer Lopez. *See* Objection at 2-3. Plaintiff does not describe any admissions made by the State Defendants.

Plaintiff asserts the "Court cannot litigate for over a year with 175 docket entries, including its own orders on service and defaults and then suddenly claim jurisdiction does not exist." Objection at 4. Plaintiff filed the original Complaint in this case on May 2, 2024. *See* Doc. 1. Plaintiff did not comply with Court orders to file an amended complaint not exceeding 50-pages until January 31, 2025. *See* Doc. 110. Briefing on the State Defendants' Motion to Dismiss was not completed until April 17, 2025. *See* Doc. 136. The Court granted the State Defendants' Motion to Dismiss on September 19, 2025. Rule 12 of the Federal Rules of Civil Procedure states: "If the

2

court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

Plaintiff also objects to the Court's ruling regarding *Rooker-Feldman* which "bars federal district courts from hearing cases 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Plaintiff states she "does not seek to relitigate custody or visitation" Objection at 4. The Court addressed this argument in its Order granting the State Defendants' motion to dismiss: (i) stating Plaintiff does not explain why she is not a state court loser; (ii) declining to apply the fraud exception to the *Rooker-Feldman* analysis based on the Tenth Circuit's statement that while the Circuit "ha[s] not explicitly rejected a fraud exception to *Rooker-Feldman* . . . there is good reason to balk at adopting such a fraud exception because state rules of procedure provide various means to attack a wrongfully obtained judgment," (quoting *Day v. Devries*, 2023 WL 3842664, *4 (10th Cir.)); (iii) noting that Plaintiff seeks an order declaring that the proceedings and all orders of the State Court are void and of no effect and to "issue an emergency return order for two oldest minor Children;" and (iv) finding that Plaintiff's claims are inextricably intertwined with the state-court proceedings and the relief Plaintiff seeks would undo state-court judgments. Order at 22-23.

Plaintiff refers to "one incident with two replies" where Plaintiff invoked Federal Rules of Civil Procedure 6 and 60 in her response to the Court's Order to Show Cause regarding proposed filing restrictions and refers to a "stricken reply." Objection at 5. Plaintiff also refers to an older APS-related reply, which Plaintiff does not identify, and states "the Court ignores the full procedural record." Objection at 5. Plaintiff has not shown how this argument relates to the Court's Order granting the State Defendants' motion to dismiss.

3

Plaintiff states she complied with the 50-page limit for the Fifth Amended Complaint and "[t]o dismiss after compliance is arbitrary and retaliatory. [Filing] Restrictions cannot override FRCP 7(b), 15(a)(2), and 6(b)(1)(B). Restrictions cannot override the Constitution." Objection at 6. The Court imposed filing restrictions on Plaintiff on June 24, 2025. *See* Doc. 156. Plaintiff filed an objection to the order imposing filing restrictions on July 3, 2025. *See* Doc. 159. Plaintiff appealed the order imposing filing restrictions on July 22, 2025. *See* Doc.163. The Tenth Circuit Court of Appeals dismissed Plaintiff's appeal of the order imposing filing restrictions on September 3, 2025. *See* Doc. 171. The Court overruled Plaintiff's objection to the order imposing filing restrictions on September 16, 2025. *See* Doc. 172. Plaintiff has not shown how the filing restrictions "override" Federal Rules of Civil Procedure or the Constitution. Plaintiff has also not shown why the filing restrictions are relevant to the Court's Order granting the State Defendants' motion to dismiss. The Court entered the filing restrictions after briefing on the State Defendants' Motion to Dismiss was completed; the Court considered Plaintiff's untimely response to the motion to dismiss.

Plaintiff states Defendants Billy Cobos and Jennifer Lopez are in default. *See* Objection at 6. Defendants Cobos and Lopez are not State Defendants. Whether Defendants Cobos and Lopez are in default is not relevant to the Court's order granting the State Defendants' Motion to Dismiss.

Plaintiff states "ADA Title II applies to state courts and agencies; there is no immunity where constitutional rights are implicated." Objection at 7. The Court dismissed Plaintiff's claims pursuant to Title II of the Americans with Disabilities Act for failure to state a claim "because the Fifth Amended Complaint does not allege facts showing that Plaintiff is disabled under the ADA or that she was excluded from participation in state court proceedings due to her child's disability." Order at 21. Plaintiff states she:

> filed a tort claim notice with Risk Management, recording of state agent stating 'sure' to suing, and notified the Attorney General and Governor. Failure to act constitutes waiver and estoppel. Immunity cannot shield ADA retaliation and RICO predicate acts. In addition, CYFD's customs and practices support municipal liability under Monell, 436 U.S. 658 (1978), as applied in the Tenth Circuit.

Objection at 8 (citations to docket omitted). Plaintiff also asserts whistleblower protection in a three-sentence statement: "Plaintiff reported misconduct to Risk Management, AG, Governor, Judicial Standards, DOJ. This is protected activity. Retaliation is independently actionable." Objection at 8-9 (citing *Burlington N. v. White*, 548 U.S. 53 (2006); *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217 (10th Cir. 2008)). The Fifth Amended Complaint asserted an ADA claim based on Defendants' failure to provide Plaintiff with accommodations to access a hearing; it does not assert a plausible retaliation claim. *See* Count Nine Americans with Disabilities Act, Fifth Amended Complaint at 46 (alleging Defendants deprived Plaintiff access to a hearing). The ADA prohibits "discriminat[ion] against any individual because such individual has opposed any act or practice made unlawful by the chapter." 42 U.S.C. § 12203(a). To state a claim of retaliation under the ADA, a plaintiff must "show that (1) he engaged in statutorily protected activity; (2) adverse action was taken against him; and (3) a causal connection exists between the adverse action and protected activity." *Rinehart v. Weitzell*, 964 F.3d 684, 689 (8th Cir. 2020). The Fifth Amended Complaint contains a few vague, conclusory allegations regarding retaliation. *See* Fifth Amended Complaint at ¶ 65 ("Plaintiff filed an appeal and complaints regarding these matters, which has led to continued retaliation"); at ¶ 71 ("Defendants engaged in retaliatory actions"); at ¶ 78 ("orders approving Hearing Officer Rourke's recommendations include directive to remove the children from school just weeks left of school, not allowing the Plaintiff near children school, separating brothers were retaliatory in nature"); at 80 (Defendant Judge Lavelle's "actions, including changing order on April 17 and April 18, noting addressing subject matter, the contempt's [sic], denial of ADA accommodations, they were retaliatory"); at ¶ 103 ("Estrada was a direct witness

5

to these actions and the retaliatory proceedings that took place"). Those allegations, while perhaps consistent with the State Defendants' liability, are not sufficient to state a plausible claim for ADA retaliation. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("A plausible claim includes facts from which we may reasonably infer Defendant's liability. *Id.* at 1163. Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. *Id.* Allegations that are merely consistent with a defendant's liability stop short of that line. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Labels, conclusions, formulaic recitations of elements, and naked assertions will not suffice. *Id.*") (quotation marks omitted).

Plaintiff states she "pleaded RICO in the complaint and identified predicate acts." Objection at 7. The Court dismissed Plaintiff's RICO claims against the State Defendants because

> The allegations in the Fifth Amended Complaint show that each of the Defendants were involved with the child custody proceedings but do not plausibly allege that Defendants functioned as a continuing unit with a shared purpose to deprive Plaintiff of her rights through crimes that constitute racketeering activities.

Order at 17. Plaintiff has not identified any plausible allegations in the Fifth Amended Complaint that show Defendants functioned as a continuing unit with a shared purpose to deprive Plaintiff of her rights.

Plaintiff asserts "fraud on the [state] Court and hostage-taking" by Defendants Cobos and Lopez but does not explain how this relates to the Court's Order granting the State Defendants' motion to dismiss. Objection at 7-8.

Plaintiff argues that the Supremacy Clause of the Constitution "overrides conflicting state practices. 18 U.S.C. §§ 241-242 underscore that conspiracies to deprive rights are illegal. Plaintiff has been denied the right to be heard." Objection at 8. Sections 241 and 242 are criminal statutes. United States Magistrate Judge Jennifer M. Rozzoni previously notified Plaintiff that "criminal

6

statutes do not provide for private civil causes of action." Order to Show Cause at 4, Doc. 5, filed May 14, 2024 (quoting *Kelly v. Rockefeller*, 69 F. App'x 414, 415-16 (10th Cir. 2003); *Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")). The Court dismissed Plaintiff's claims pursuant to 18 U.S.C. §§ 241 and 242 because Plaintiff did not show that those statutes "display[] an intent to create not just a private right but also a private remedy." Order at 13 (quoting *Serna v. Denver Police Department*, 58 F.4th 1167, 1171 (10th Cir. 2023) (quoting *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001)). Plaintiff has not shown in her Objection that Sections 241 and 242 display an intent to create a private right and a private remedy.

Plaintiff states "at this stage, qualified immunity does not attach because the complaint plausibly alleges violations of clearly established rights." Objection at 10. The Court notified Plaintiff:

> "When a defendant asserts the defense of qualified immunity, the onus is on the plaintiff to demonstrate (1) that the official conduct violated a statutory or constitutional right, *and* (2) that the right was clearly established at the time of the challenged conduct." *A.M. v. Holmes*, 830 F.3d 1123, 1134 (10th Cir. 2016) (internal quotation marks omitted). If the plaintiff fails to make either showing, the defendant is entitled to qualified immunity. *Id.* at 1134–35.
>
> For a right to be clearly established, "there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Mocek v. City of Albuquerque*, 813 F.3d 912, 922 (10th Cir. 2015) (quotation marks omitted). The Supreme Court has cautioned "not to define clearly established law at a high level of generality." *Ashcroft v. al-Kidd*, 563 U.S. 731, 742, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011). The "clearly established" inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

Order at 10-11 (quoting *Lowther v. Children Youth and Family Department*, 101 F.4th 742, 756 (10th Cir. 2024) (emphasis in original)). The Court granted the State Defendants' Motion to Dismiss the claims against the individual State Defendants on the grounds of qualified immunity

7

because "Plaintiff has not cited any Supreme Court or Tenth Circuit decisions showing that the rights she alleges the State Defendants violated were clearly established in the specific context of this case." Order at 12 (notifying Plaintiff her "vague reference to the Fifth Amended Complaint, which contains over 300 paragraphs, is not sufficient" to show that the rights she alleges the State Defendants violate were clearly established). Plaintiff' Objection cites a few cases regarding "familial integrity and due process in child-seizure contexts and retaliation/obstruction that any reasonable official would understand is unlawful" but does not identify the allegations in the Fifth Amended Complaint that demonstrate for each State Defendant the official conduct that allegedly violated a statutory or constitutional right.   Objection at 10.

Plaintiff states "private actors who conspire with state officials have no judicial immunity." Objection at 10. The Court found that Plaintiff "has not alleged non-conclusory facts establishing a conspiracy." Order at 18. Plaintiff's Objection does not identify any non-conclusory allegations in the Fifth Amended Complaint showing that any of the private Defendants conspired with state officials.

In their Response to Plaintiff's Objection, the State Defendants request that the Court "enter a Final Judgment in favor of State Defendants consistent with the Court's Order Granting State Defendants' Motion to Dismiss." Response at 3, Doc. 183, filed October 20, 2025. The Court denies the State Defendants' request to enter a final judgment as to their claims at this time.

> Rule 54(b) provides that in an action involving multiple claims or multiple parties, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Certifications under Rule 54(b) "are not to be made routinely." *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (quoting *Great Am. Trading Corp. v. I.C.P. Cocoa, Inc.*, 629 F.2d 1282, 1286 (7th Cir. 1980)). Instead, "certification is appropriate only when the district court 'adheres strictly to the rule's requirement that a court make two express determinations.'" Stockman's Water Co., *LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (quoting *Okla. Tpk. Auth.*, 259 F.3d at 1242). These are (1) that the "judgment is final" and (2) that there is "no just reason for delay[ing]" entry of judgment. *Id.* On the latter point, the district court should "weigh[] Rule 54(b)'s policy of preventing

piecemeal appeals against the inequities that could result from delaying an appeal," considering factors such as the separability of the claims and whether an "'appellate court would have to decide the same issues more than once even if there were subsequent appeals.'" *Id.* (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

Order and Judgment at 2-3, Doc. 55-1, filed January 6, 2026, in *Roemer v. Bd. of Regents of New Mexico State University, No. 25-2033* (10th Cir.). The Court finds there is just reason for delaying entry of judgment on the claims against the State Defendants because, due to the similarity of claims against the other Defendants arising from many of the same facts, the United States Court of Appeals would likely have to decide the same issues more than once if there are other subsequent appeals from the Court's rulings in this case.

**IT IS ORDERED** that Plaintiff's Objection to Order Doc. [173], Doc. 177, filed October 6, 2025, is **OVERRULED.**

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.