IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTOINETTE MARQUEZ,

      Plaintiff,

v.                                                                                                                        No. 1:24-cv-00423-KG-JMR

AMBER BAKER-CHAVEZ, *et al.*,

      Defendants.

**ORDER OVERRULING PLAINTIFF'S OBJECTION TO ORDER GRANTING IN PART ALBUQUERQUE PUBLIC SCHOOLS' MOTION TO DISMISS**

      This case arises from events occurring in conjunction with child custody proceedings in state court. *See* Fifth Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 110, filed January 31, 2025 ("Fifth Amended Complaint").[1] *Pro se* Plaintiff asserted claims against several state officials including judges, judicial employees and case workers, the Children, Youth and Families Department ("CYFD") and the State of New Mexico (collectively "the State Defendants") and against Albuquerque Public Schools ("APS") and several private individuals and entities. *See* Fifth Amended Complaint at 1 (naming 25 Defendants).

      Plaintiff asserted four claims against APS pursuant to federal law:

      Count 1 – Deprivation of Rights pursuant to 42 U.S.C. § 1983;

      Count 2 – RICO;

      Count 3 – RICO conspiracy;

      Count 8 - 42 U.S.C. § 1986, Action for neglect to prevent;

and four claims pursuant to state law:

---

[1] The docket incorrectly refers to the Fifth Amended Complaint as the Sixth Amended Complaint.

    Count 4 – Civil Conspiracy;

    Count 5 – Abuse of Process;

    Count 6 – Fraud; and

    Count 7 – Theft or Alteration of Records Process, False Bail.  *See* Fifth Amended Complaint at 35-45.

    APS moved to dismiss Plaintiff's Fifth Amended Complaint.  *See* APS' Motion to Dismiss Plaintiff's Fifth Amended Complaint, Doc. 114, filed February 13, 2025 ("Motion").  Plaintiff did not file a response opposing APS' Motion by the February 27, 2025, deadline; nor did she seek an extension of time to file a response.  Plaintiff filed her Response almost two weeks after the deadline.  *See* Doc. 121, filed March 12, 2025.  APS did not move to strike the untimely Response and instead filed a Reply, Doc. 128, filed March 26, 2025, and a Notice of Completion of Briefing, Doc. 129, filed March 26, 2025, which recognized Plaintiff's untimely Response.  Consequently, the Court considered Plaintiff's untimely Response.

    The Court granted APS' Motion to Dismiss Plaintiff's Fifth Amended Complaint in part as follows.  The Court dismissed Plaintiff's claims against APS in Counts One, Two and Three with prejudice.  *See* Order Granting in part Albuquerque Public Schools' Motion to Dismiss at 12, Doc. 174, filed September 23, 2025 ("Order"). The Court deferred ruling on Plaintiff's claims against APS in Counts Four through Eight and ordered APS to file a supplementary brief addressing whether the Court should dismiss Plaintiff's claim pursuant to 42 U.S.C. § 1986 in Count 8.  Order at 7-8, 12.

**Count 1 – Deprivation of Rights pursuant to 42 U.S.C. § 1983**

    APS asserted that Plaintiff failed to state a claim against APS pursuant to Section 1983 because the Fifth Amended Complaint "fails to allege that an official policy or custom of APS was

2

the moving force behind the alleged constitutional deprivation." Motion at 5; Order at 4 (stating "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents . . . to establish municipal liability, a plaintiff must first demonstrate a municipal policy or custom" the execution of which inflicts the injury) (quoting *Waller v. City and County of Denver*, 932 F.3d 1277, 1283-84 (10th Cir. 2019)).

In her Response to the Motion, Plaintiff referred to an APS policy which the Court addressed stating:

> Plaintiff states "Paragraph #214 clearly states FERPA and APS's policy and procedure KB1." Response at 3. Paragraph 214, quoted above, alleges Defendants actions "amount to a conspiracy to deprive the Plaintiff of her parental rights and responsibilities as guaranteed under the Family Educational Rights and Privacy Act (FERPA) and APS's own policies, specifically KB1 Students and Parent/Guardian Right and Responsibilities." Paragraph 214 does not allege that the execution of FERPA and APS' KB1 policy inflicted Plaintiff's alleged injuries.

Order at 4-5.

The Court dismissed Count 1 for failure to state a claim because the Fifth Amended Complaint failed to allege that an official policy or custom of APS was the moving force behind the alleged constitutional deprivations by APS' employees and agents. *See* Order at 5.

Plaintiff objects to the dismissal of Count 1 stating:

> APS Board Policy KB1 (Students and Parent/Guardian Rights and responsibilities) incorporates the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g. By denying access to records and meetings, APS violated its own written policy grounded in federal law.

Objection at 4.

The Court overrules Plaintiff's Objection to dismissal of Count 1 because Plaintiff has not identified any allegations in the Fifth Amended Complaint alleging that an official policy or custom of APS was the moving force behind the alleged constitutional deprivations by APS' employees and agents.

**Counts 2 and 3, RICO and RICO Conspiracy**

Counts 2 and 3 of the Fifth Amended Complaint assert claims pursuant to Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1964, Civil remedies.

> To plead a valid RICO claim, a plaintiff must plausibly allege that a defendant "(1) conducted the affairs (2) of an enterprise (3) through a pattern (4) of racketeering activity." *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1248 (10th Cir. 2016). "Racketeering activity" consists of the criminal offenses listed in 18 U.S.C. § 1961(1), and a "pattern" requires at least two racketeering acts committed within ten years of each other. 18 U.S.C. § 1961(5).

*Johnson v. Heath*, 56 F.4th 851, 858-859 (10th Cir. 2022).

APS asserted the Fifth Amended Complaint:

> fails to state plausible RICO claims against APS and the other Defendant[s] because it does not allege facts capable of supporting a finding or inference of a RICO enterprise. Instead, Plaintiff makes conclusory allegation of the elements of a cause of action, which is contrary to [the] pleading standard in *Iqbal* and *Twombly*. *See generally,* 5AC [110], ¶¶274-97. Plaintiff does not allege facts plausible to support that APS and the Defendants "conduct[ed] or participate[d], directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity. . ." 18 U.S.C. § 1964(c).

Motion at 8-9.

Plaintiff responded to the Motion stating she "believes she has pleaded Counts II and III which relief may be granted as stated herein and in the amended complaint." Response at 12, Doc. 121, filed March 12, 2025.

The Court dismiss Counts 2 and 3 for failure to state a claim stating:

> In addition to APS, Defendants in this case include state-court judges and other judicial officers involved in adjudicating a child custody case, CYFD case workers, a behavioral health agency and social workers specializing in the treatment of families, children and their caregivers, the children's father and his attorneys. The allegations in the Fifth Amended Complaint show that APS and the other Defendants were involved with matters regarding Plaintiff's children but do not plausibly allege facts showing that Defendants functioned as a continuing unit with a shared purpose to deprive Plaintiff of her rights through crimes that constitute racketeering activities.

Order at 6-7.

Plaintiff objects to dismissal of Counts 2 and 3 and describes, over several pages, predicate acts and proof of those acts, causation and injury, the New Mexico Racketeering Act, law enforcement participation by the police, the Second Judicial District Attorney's Office and the New Mexico Attorney General, fraud on the state court, and contradictory state-court orders. Objection at 4-12.

The Court overrules Plaintiff's Objection to dismissal of Counts 2 and 3 because Plaintiff has not shown that the Fifth Amended Complaint plausibly alleges that APS and the other Defendants functioned as a continuing unit with a shared purpose to deprive Plaintiff of her rights through crimes that constitute racketeering activities.

**Count 8**

The Court noted that:

Although not obvious, the Fifth Amended Complaint, liberally construed, asserts a claim pursuant to 42 U.S.C. § 1986, Action for neglect to prevent. In Count Eight, "Action for Neglect to Prevent," Plaintiff alleges Defendants "engaged in a concerted effort to make knowingly neglected to prevent the wrongs conspired to be done, having power or aid in preventing the commission of the same, neglected or refused to do so." [sic] Fifth Amended Complaint at 45. Plaintiff does not reference 42 U.S.C. § 1986 in Count Eight. Plaintiff does, however, reference 42 U.S.C. § 1986 41 pages previously in the "Jurisdiction" section of the Fifth Amended Complaint. *See* Fifth Amended Complaint at 4.

Order at 7-8, 12. The Court deferred ruling on APS' Motion to dismiss Count Eight of the Fifth Amended Complaint and ordered APS and Plaintiff to file supplemental briefs addressing Section 1986. *See* Order at 8.

Plaintiff objects to:

the Court's issuance of a *partial dismissal* while simultaneously permitting defendants to file *supplemental pleadings*. This approach is procedurally inconsistent and prejudicial. Under the Federal Rules of Civil Procedure, the Court must ensure that the pleadings are complete and that all parties have had the

5

>
> opportunity to respond before ruling on a motion to dismiss. See *Fed. R. Civ. P. 12(a)-(b)*.
>
> If the Court believed supplemental pleadings were necessary for proper adjudication, it should have required such supplementation before issuing any dismissal partial or otherwise. Allowing supplementation *after* a dismissal undermines the finality of the Court's ruling and creates an appearance of bias, giving defendants multiple opportunities to cure deficiencies that should have been addressed in their original filings.
>
> Additionally, a motion to dismiss must be decided based solely on the pleadings then before the Court. See *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) ("A Rule 12(b)(6) motion must be decided on the pleadings alone"). Allowing post-dismissal supplementation contradicts that principle and denies Plaintiff the fair and equal application of procedural rules.

Objection at 16.

The Court overrules Plaintiff's objection to the Court ordering supplemental briefing on Count 8. The Court did not allow APS to file a supplemental *pleading*; it ordered APS to file a supplemental *brief*. A brief is not a pleading. *See* Fed. R. Civ. P. 7(a) (identifying pleadings as a complaint, an answer to a complaint, an answer to a counterclaims and an answer to a crossclaim); *see also Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

### *Rooker-Feldman*

Plaintiff asserts that APS' argument that the Court lacks jurisdiction pursuant to Rooker-Feldman fails because: (i) *Rooker-Feldman* "does not apply when plaintiff alleges independent misconduct like fraud or wrongful foreclosure;" and (ii) "*Rooker-Feldman* applies only when a plaintiff asks a federal court to review and overturn a state-court judgment." Objection at 14. Plaintiff states:

> Plaintiff's injuries are independent of any state-court judgment. They stem from APS's *and others'* fraudulent acts illegal withholding of children, FERPA violations, mail fraud, and ADA retaliation occurring outside the state court's proceedings.

Objection at 15 (emphasis added).

The Court concluded that Plaintiff's *civil rights claims* are barred by *Rooker-Feldman* stating:

> "[F]ederal claims that were not raised in state court, or that do not on their face require review of a state court's decision, may still be subject to *Rooker-Feldman* if those claims are inextricably intertwined with a state court judgment." *Jakupovic v. Curran*, 850 F.3d 898, 902 (10th Cir. 2017). Plaintiff's claims are inextricably intertwined with the state-court proceedings and the relief Plaintiff seeks would undue state-court judgments.

Order at 10. The Court also dismissed Plaintiff's claims pursuant to 42 U.S.C. § 1983 for failure to state a claim. *See* Order at 5. The Court did not conclude that Plaintiff's, or *other* Defendants', fraud, civil conspiracy, abuse of process, and theft/alteration of records claims were barred by *Rooker-Feldman*. Plaintiff did not assert an ADA claim against APS. *See* Fifth Amended Complaint at 46.

**Filing Restrictions**

Plaintiff states the Court's Order Imposing Filing Restrictions "deprived Plaintiff of due process and equal protection." Objection at 15. Plaintiff does not explain how the imposition of filing restrictions is relevant to its dismissal of the claims against APS. The Court considered Plaintiff's untimely Response to APS' Motion to Dismiss. When the Court ordered APS to file a supplementary brief addressing whether the Court should dismiss Plaintiff's claim pursuant to 42 U.S.C. § 1986, the Court also ordered Plaintiff to file a supplementary response. *See* Doc. 174 at 12, filed September 23, 2025. Plaintiff filed her supplementary response on October 21, 2025. *See* Doc.186.

**Defaults**

The Court denied Defendants Stephen Matthew Torres, Teresa Hanlon and Trujillo Dodd, Torres & O'Brien, LLC's ("Torres Defendants") motion to dismiss for improper service because the Court had begun the service procedure for the Torres Defendants. *See* Doc. 135, filed April 16, 2025. The Torres Defendants filed a waiver of service shortly afterward. *See* Doc. 139, filed April 29, 2025. Plaintiff objects in part to the Court's Order dismissing claims against APS because the Torres Defendants did not timely file an answer and no entries of default were made. *See* Objection at 17. Plaintiff does not explain how the Torres Defendants' failure to timely file an answer is relevant to the Court's dismissal of her claims against APS.

**IT IS ORDERED** that Plaintiff's Objection to Order Granting in part APS's Motion to Dismiss, Doc. 181, filed October 10, 2025, is **OVERRULED.**

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.