IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTOINETTE MARQUEZ,

    Plaintiff,

v.                                                                                                                        No. 1:24-cv-00423-KG-JMR

AMBER BAKER-CHAVEZ, *et al.*,

    Defendants.

## ORDER GRANTING IN PART
## ALBUQUERQUE PUBLIC SCHOOLS' MOTION TO DISMISS

This case arises from events occurring in conjunction with child custody proceedings in state court. *See* Fifth Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 110, filed January 31, 2025 ("Fifth Amended Complaint").[1] *Pro se* Plaintiff asserted claims against several state officials including judges, judicial employees and case workers, the Children, Youth and Families Department ("CYFD") and the State of New Mexico (collectively "the State Defendants") and against Albuquerque Public Schools ("APS") and several private individuals and entities. *See* Fifth Amended Complaint at 1 (naming 25 Defendants).

Plaintiff asserted four claims against APS pursuant to federal law:

Count 1 – Deprivation of Rights pursuant to 42 U.S.C. § 1983;

Count 2 – RICO;

Count 3 – RICO conspiracy;

Count 8 - 42 U.S.C. § 1986, Action for neglect to prevent;

and four claims pursuant to state law:

---

[1] The docket incorrectly refers to the Fifth Amended Complaint as the Sixth Amended Complaint.

Count 4 – Civil Conspiracy;

Count 5 – Abuse of Process;

Count 6 – Fraud; and

Count 7 – Theft or Alteration of Records Process, False Bail.  *See* Fifth Amended Complaint at 35-45.

The Court granted APS' Motion to Dismiss Plaintiff's Fifth Amended Complaint in part as follows.  The Court dismissed Plaintiff's claims against APS in Counts One, Two and Three with prejudice.  *See* Order Granting in part Albuquerque Public Schools' Motion to Dismiss at 12, Doc. 174, filed September 23, 2025 ("Order"). The Court deferred ruling on Plaintiff's claims against APS in Counts Four through Eight.  The Court noted that "[a]lthough not obvious, the Fifth Amended Complaint, liberally construed, asserts a claim pursuant to 42 U.S.C. § 1986, Action for neglect to prevent" and ordered APS and Plaintiff to file supplementary briefs addressing whether the Court should dismiss Plaintiff's claim pursuant to 42 U.S.C. § 1986.  Order at 7-8, 12.

APS filed a supplemental brief arguing that the Fifth Amended Complaint failed to state a claim pursuant to 42 U.S.C. § 1986 because: (i) "there must be a conspiracy claim plead under Section 1985 to bring a valid claim under Section 1986;" and (ii) Plaintiff failed to state a claim pursuant to 42 U.S.C. § 1985.  APS' Supplemental Briefing to Their Motion to Dismiss Plaintiff's Fifth Amended Complaint at 1-2, Doc. 178, filed October 7, 2025 ("Supplemental Brief").

Plaintiff filed a supplemental response to APS's Supplemental Brief.  Plaintiff's Reply to Defendant Albuquerque Public Schools' (APS) Supplemental Briefing Doc. [178], Doc. 186, filed October 21, 2025 ("Reply").  Plaintiff argues that the "Court's decision to permit APS a supplemental pleading [regarding Count 8] after dismissal [of Counts 1-3] is procedurally defective and arbitrary." Reply at 1.  The Court previously addressed this argument finding that it

2

is within the Court's inherent power to allow supplemental briefing. *See* Doc. 189, filed January 14, 2026. Plaintiff also contends that the Court's imposition of filing restrictions deprives Plaintiff of her First Amendment right to petition the government for redress and her due process right to a fair adjudication." Reply at 2. Plaintiff has not, however, explained how the filing restrictions deny Plaintiff due process with respect to APS' Motion to Dismiss and supplemental brief. The Court ordered Plaintiff to file, and the Court is considering, Plaintiff's response to APS' Supplemental Brief. *See* Order at 8, 12. Plaintiff also states: (i) she "invoked Whistleblower protections and the Violence Against Women Act;" (ii) the Court has ignored the admissions of APS and other Parties; and (iii) Defendants Matthew Torres, Teresa Hanlon, and Family Law Firm LLC submitted contradictory and materially false pleadings. Reply at 5-7. Plaintiff has not shown how those issues are relevant to the Court's determination of whether the Fifth Amended Complaint states a claim pursuant to 42 U.S.C. § 1986.

The Court dismisses Plaintiff's Count 8 - 42 U.S.C. § 1986, Action for neglect to prevent. 42 U.S.C. § 1986:

> provides a cause of action against "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 ... are about to be committed, and having power to prevent or aid ... neglects or refuses to do so." Hence, there can be no valid claim under § 1986 of neglect to prevent a known conspiracy, in the absence of a conspiracy under § 1985. Santistevan and Herrera failed to establish a viable § 1985(1) cause of action. Thus, the district court properly dismissed their § 1986 claim. . .

*Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984). The "Counts" Plaintiff asserts in her Fifth Amended Complaint do not include a claim for Conspiracy pursuant to 42 U.S.C. § 1985. *See* Fifth Amended Complaint at 42 (asserting "Count Four Civil Conspiracy"). Plaintiff does, however, reference 42 U.S.C. § 1985 in the "Jurisdiction" section of the Fifth Amended Complaint. *See* Fifth Amended Complaint at 4.

> The relevant portion of § 1985(2) provides a right of action "if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws." 42 U.S.C. § 1985(2). Section 1985(3), clause 1, provides a right of action "[i]f two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws." 42 U.S.C. § 1985(3).
>
> Among other elements, both causes of action require a showing of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *see also Murray v. City of Sapulpa,* 45 F.3d 1417, 1423 (10th Cir.1995); *Smith v. Yellow Freight Sys., Inc.,* 536 F.2d 1320, 1323 (10th Cir.1976). The focus of the racial animus inquiry is the government actor's "intent, motive, or purpose." *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio,* 847 F.2d 642, 647 (10th Cir.1988). To avoid summary judgment, Plaintiffs must point to "specific, nonconclusory evidence" that the Defendants' actions were "improperly motivated." *Id.* at 650.

*Jones v. Norton*, 809 F.3d 564, 578 (10th Cir. 2015).

Plaintiff contends that "each required element of a § 1986 claim has been met and supported by evidence already of record" and that APS committed a Section 1985 violation by "join[ing] with other defendants in a Joinder Motion Doc. [94] to dismiss th[is] action." Reply at 2-3(citing documents filed in this case). Plaintiff has not shown that the Fifth Amended Complaint states a claim pursuant to 42 U.S.C. § 1985 because: (i) she does not identify allegations in the Fifth Amended Complaint showing some racial or otherwise class-based discriminatory animus behind Defendants' actions; and (ii) she has not alleged non-conclusory facts establishing a conspiracy. Because Plaintiff failed to establish a viable Section 1985 claim, the Court dismisses Plaintiff's Section 1986 claim against APS for failure to state a claim. *See Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984) ("there can be no valid claim under § 1986 of neglect to prevent a known conspiracy, in the absence of a conspiracy under § 1985").

The Court, having dismissed Plaintiff's federal law claims against APS, declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses Plaintiff's state-

law claims against APS without prejudice.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

**IT IS ORDERED** that APS' Motion to Dismiss Plaintiff's Fifth Amended Complaint, Doc. 114, filed February 13, 2025, is **GRANTED in part** as follows: (i) Plaintiff's claims against APS in Count Eight pursuant to 42 U.S.C. § 1986 are **DISMISSED with prejudice**; (ii) Plaintiff's state-law claims against APS in Counts 4-8 are **DISMISSED without prejudice.**[2]

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.

---

[2] The Court previously granted APS's Motion to Dismiss in part dismissing with prejudice Plaintiff's federal law claims against APS in Counts 1-3.  *See* Order at 12, Doc. 174, filed September 23, 2025.