IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTOINETTE MARQUEZ,

       Plaintiff,

v.                                                                                       No. 1:24-cv-00423-KG-JMR

AMBER BAKER-CHAVEZ, *et al.*,

       Defendants.

**ORDER OVERRULING PLAINTIFF'S OBJECTION TO ORDER
GRANTING IN PART ALL FAITHS DEFENDANTS' MOTION TO DISMISS**

This case arises from events occurring in conjunction with child custody proceedings in state court. *See* Fifth Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 110, filed January 31, 2025 ("Fifth Amended Complaint").[1] *Pro se* Plaintiff asserted claims against several state officials including judges, judicial employees and case workers, the Children, Youth and Families Department ("CYFD") and the State of New Mexico (collectively "the State Defendants") and against Albuquerque Public Schools and several private individuals and entities. *See* Fifth Amended Complaint at 1 (naming 25 Defendants).

Plaintiff asserted four claims pursuant to federal law against: (i) All Faiths Children's Advocacy Center; (ii) Heidi Monge, a therapist/supervisor at All Faiths; (iii) Isidro Vigil, a therapist/clinical supervisor at All Faiths; and (iv) Jennifer Gordon, a therapist/clinical supervisor at All Faiths, (collectively "All Faiths"):

Count 1 – Deprivation of Rights pursuant to 42 U.S.C. § 1983;

Count 2 – RICO;

---

[1] The docket incorrectly refers to the Fifth Amended Complaint as the Sixth Amended Complaint.

Count 3 – RICO conspiracy;

Count 8 - 42 U.S.C. § 1986, Action for neglect to prevent;

and four claims pursuant to state law:

Count 4 – Civil Conspiracy;

Count 5 – Abuse of Process;

Count 6 – Fraud; and

Count 7 – Theft or Alteration of Records Process, False Bail. *See* Fifth Amended Complaint at 35-45.

All Faiths moved to dismiss Plaintiff's Fifth Amended Complaint. *See* All Faiths Defendants' Motion to Dismiss Plaintiff's Fifth Amended Complaint, Doc. 112, filed February 12, 2025 ("Motion"). Plaintiff did not file a response opposing All Faiths' Motion by the February 26, 2025, deadline; nor did she seek an extension of time to file a response. Plaintiff filed her Response almost four weeks after the deadline. *See* Doc. 125, filed March 25, 2025. All Faiths did not file a reply because Plaintiff failed to file her Response by the deadline, did not request an extension of time to file the Response and did not seek leave of the Court for an extension to file the Response. *See* Amended Notice of Completion of Briefing, Doc. 130, filed March 26, 2025. The Court considered Plaintiff's untimely Response.

The Court granted All Faiths' Motion to Dismiss Plaintiff's Fifth Amended Complaint in part as follows. The Court dismissed Plaintiff's claims against All Faiths in Count One with prejudice for failure to state a claim. *See* Order Granting in part All Faiths Defendants' Motion to Dismiss at 3-9, Doc. 175, filed September 25, 2025 ("Order"). The Court deferred ruling on Plaintiff's claims against All Faiths in Counts Two through Eight and ordered All Faiths to file a supplementary brief addressing whether the Court should dismiss Plaintiff's claim pursuant to

RICO and 42 U.S.C. § 1986. *See* Order at 13-14. Plaintiff subsequently filed her Objection which is now before the Court. *See* Plaintiff's Objection to Order Granting in part All Faiths' Motion to Dismiss, Doc. 182, filed October 10, 2025 ("Objection").

**Count 1 – Deprivation of Rights Pursuant to 42 U.S.C. § 1983**

All Faiths asserted Plaintiff fails to state claims pursuant to 42 U.S.C. § 1983 because the Fifth Amended Complaint does not allege that All Faiths violated any federally protected right and that Plaintiff's conclusory allegations that All Faiths violated her rights do not state a plausible Section 1983 claim. *See* Motion at 3-6; *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) ("The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law"). All Faiths also asserted that the Fifth Amended Complaint fails to allege any facts that could plausibly support a claim that the All Faiths Defendants are state actors. *See* Motion at 4-5 (stating "Plaintiff appears to allege that All Faiths Defendants are state actors because they work with government entities, CYFD makes a referral for counseling services to Defendant All Faiths Children Advocacy Center," Defendant Monge filed a report with CYFD that Plaintiff believes was inaccurate, All Faiths Children's Advocacy Center "maintains an intertwined relationship with various entities including law enforcement, the Courts, the District Attorney' [sic] office, and CYFD").

Plaintiff argued that she has established that All Faiths deprived her of federal protected rights because she alleged that All Faiths made false and misleading statements "to conspire and cover up their scheme and depriving the Plaintiff of her rights." Response at 3-4. Plaintiff also argued that she established that the All Faiths Defendants are state actors because they "work[ed] closely with police, District Attorney, and other state agencies." Response at 4.

The Court dismissed Plaintiff's claims against All Faiths for deprivation of rights pursuant to 42 U.S.C. § 1983 for failure to state a claim because the allegations regarding false documents and misleading statements do not plausibly show that All Faiths deprived Plaintiff of federally protected rights and because conclusory allegations that All Faiths conspired with other Defendants, without specific facts showing an agreement upon a common, unconstitutional goal and concerted action taken to advance that goal, are not sufficient to state a claim. *See* Order at 7-9 (evaluating the four tests identified in *Barnett v. Hall, Estill, Hardwick,, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1235-36 (10th Cir. 2020), for determining whether a private person is a state actor pursuant to Section 1983).

Plaintiff objects to the dismissal of Count 1 stating "Plaintiff's Fifth Amended Complaint and supporting documents establish that All Faiths . . . and its agency partners functioned as state actors through joint participation with CYFD, APS, and law enforcement in custody-related investigations and proceedings." Objection at 3. Plaintiff describes, in four pages of her Response, All Faiths' acts under color of state law and deprivation of rights with references to other documents filed in this case but does not identify the specific allegations in the Fifth Amended Complaint that support her descriptions. *See* Response at 3-8; *Lebahn v. Owens*, 813 F.3d 1300, 1307-08 (10th Cir. 2016) ("[I]t is not the court's job to comb the record in order to make the non-movant's arguments for him").

Plaintiff contends that "any perceived vagueness" in the Fifth Amended Complaint results from the 50-page limit the Court imposed on the Fifth Amended Complaint. Objection at 18. Plaintiff did not raise the issue of the 50-page limit in her Response to All Faiths' motion to dismiss and instead stated Plaintiff "believes that she has properly pleaded her complaint." Response at 5. At the end of her Response to All Faith's motion to dismiss, Plaintiff stated "should this Court

decide that Plaintiff[] failed to properly plead, the Plaintiff MOVE[S] this Court to be lenient and allow her to Amend her complaint." Response at 6. Plaintiff did not cite any legal authority in support of her motion for leave to file a *sixth* amended complaint and did not attach a proposed sixth amended complaint to her motion. *See* D.N.M.LR-Civ.-7/3(a) ("A motion . . . must cite authority in support of the legal positions advanced"); D.N.M.LR-Civ. 15.1 ("A proposed amendment to a pleading must accompany the motion to amend").

Plaintiff also contends that "[d]ismissing before discovery is especially disfavored where key evidence (e.g., coordination records, emails, clinical files) lies in defendants' control or where conspiracy/retaliation is alleged." Objection at 19 (citing four cases). The first case cited by Plaintiff stated, in the context of prisoner civil rights claims, that:

> Although the plausibility standard has been criticized by some as placing an improper burden on plaintiffs, denying them proper access to the courts, that criticism ordinarily would not apply to the restrictions on prisoner complaints described above. One of the chief concerns of critics is that plaintiffs will need discovery before they can satisfy plausibility requirements when there is asymmetry of information, with the defendants having all the evidence. But prisoners claiming constitutional violations by officers within the prison will rarely suffer from information asymmetry. Not only do prisoners ordinarily know what has happened to them; but they will have learned how the institution has defended the challenged conduct when they pursue the administrative claims that they ust bring as a prerequisite to filing suit. Of course, if the complaint alleges that the prisoner received no explanation in the grievance process (or was coerced into not pursuing a grievance, the claim that an officer's conduct lacked justification may be come plausible.

*Gee v. Pacheco*, 627 F.3d 1178, 1185-86 (10th Cir. 2010).

The second case cited by Plaintiff states:

> This court reiterates that trial judges retain discretion to order a reply to a defendant's answer, grant a defendant's motion for a more definite statement, or tightly confine discovery. The district court in this case, however, thought Plaintiffs had alleged sufficient facts to be allowed discovery.

*Currier v. Duran*, 242 F.3d 905, 916 (10th Cir. 2001).

5

The third case cited by Plaintiff involved the evaluation of a qualified immunity defense "under the standard enunciated by the Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)." *Pueblo Neighborhood Health Centers, Inc. v. Losavio*, 847 F.2d 642, 645 (10th Cir. 1988). The Tenth Circuit, in the second case cited by Plaintiff, concluded that the heightened pleading requirement, which the Tenth Circuit "has linked . . . to the Supreme Court case *of Harlow v. Fitzgerald*," cannot survive the decision by the Supreme Court of the United States in *Crawford-El v. Britton*, 523 U.S. 574 (1998). *See Currier v. Duran*, 242 F.3d 905, 912, 916 (10th Cir. 2001) (stating with regard to a qualified immunity defense "to the extent the Supreme Court considered whether a court may require a plaintiff to plead specific, nonconclusory factual allegations to survive a prediscovery motion for dismissal, it concluded this option resides in the discretion of federal trial judges, not federal circuit courts").

The fourth case cited by Plaintiff states:

> "[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context...." *Robbins,* 519 F.3d at 1248; *see also Bryson,* 534 F.3d at 1286 (discussing required factual detail). But while "the plaintiff must provide 'more than labels and conclusions, or a formulaic recitation of the elements of a cause of action,' " *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir.2007) (quoting *Twombly,* 127 S.Ct. at 1965) (internal alteration omitted), " 'specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests,' " *id.* (quoting *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)) (internal alterations omitted). "Technical fact pleading is not required, but the complaint must still provide enough factual allegations for a court to infer potential victory." *Bryson,* 534 F.3d at 1286.

*Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009).

The Court is not persuaded by Plaintiff's suggestion that it should allow discovery before ruling on All Faith's Motion to dismiss Plaintiff's claims. Plaintiff did not file a supported motion for discovery before responding to All Faiths' Motion. *See World Wide Assoc. Of Specialty Programs and Schools v. Houlahan*, 138 Fed.Appx. 50, 52 (10th Cir. 2005) ("In the absence of an

explicit, supported motion for discovery, this court cannot say that the district court abused its discretion in denying the request"). Plaintiff has not identified any information asymmetry or otherwise shown that Defendants have all the evidence related to Plaintiff's claims. *See Hamric v. Wilderness Expeditions, Inc.*, 6 F.4th 1108, 1119 (10th Cir. 2021) ("Rule 56's provision allowing a non-moving party to seek additional discovery before disposition on a motion for summary judgment is not a license for a fishing expedition") (quotation marks and citation omitted). Plaintiff was not required to allege specific technical facts in her Fifth Amended. Plaintiff is required, however, to allege:

> facts from which we may reasonably infer Defendant's liability. *Id.* at 1163. Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. *Id.* Allegations that are "'merely consistent with' a defendant's liability" stop short of that line. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Labels, conclusions, formulaic recitations of elements, and naked assertions will not suffice. *Id.* An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement. *Kellum v. Mares*, 657 Fed. App'x 763, 770 (10th Cir. 2016) (unpublished) (citing Black's Law Dictionary (10th ed. 2014)). Conclusory allegations are "not entitled to the assumption of truth." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019). We must draw on our experience and common sense in evaluating the plausibility of a claim. *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937. The degree of specificity needed to establish plausibility and provide fair notice depends on the context and the type of case. *Id.*; *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

*Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (footnote omitted). Rule 11 allows litigants to allege "factual contentions [that] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

The Court overrules Plaintiff's Objection to the Court's dismissal of Plaintiff's claims in Count 1 - Deprivation of Rights Pursuant to 42 U.S.C. § 1983.

**Count 2 – RICO, Count 3 – RICO Conspiracy and Count 8 – Neglect to Prevent**

Plaintiff asserted claims pursuant to the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1964, Civil remedies.

> To plead a valid RICO claim, a plaintiff must plausibly allege that a defendant "(1) conducted the affairs (2) of an enterprise (3) through a pattern (4) of racketeering activity." *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1248 (10th Cir. 2016). "Racketeering activity" consists of the criminal offenses listed in 18 U.S.C. § 1961(1), and a "pattern" requires at least two racketeering acts committed within ten years of each other. 18 U.S.C. § 1961(5).

*Johnson v. Heath*, 56 F.4th 851, 858-859 (10th Cir. 2022).  All Faiths did not address whether the Court should dismiss Plaintiff's claims pursuant to RICO in Counts 2 and 3.

In its Order Granting State Defendants' Motion to Dismiss, the Court dismissed Plaintiff's RICO claims against the State Defendants because the allegations in the Fifth Amended Complaint did not show that the State Defendants functioned as part of a continuing unit with a shared purpose to deprive Plaintiff of her rights through crimes that constitute racketeering activities.  *See* Mem. Op. and Order Granting State Defendants' Motion to Dismiss at 14-17, Doc. 173, filed September 19, 2025.  The Court cannot apply that ruling to the All Faiths Defendants' Motion in the absence of briefing by the relevant parties because that ruling was based on factual allegations regarding the State Defendants' conduct.

Although not obvious, the Fifth Amended Complaint, liberally construed, also asserted a claim pursuant to 42 U.S.C. § 1986, Action for neglect to prevent.  In Count 8, "Action for Neglect to Prevent," Plaintiff alleges Defendants "engaged in a concerted effort to make knowingly neglected to prevent the wrongs conspired to be done, having power or aid in preventing the commission of the same, neglected or refused to do so." [sic] Fifth Amended Complaint at 45.

Plaintiff does not reference 42 U.S.C. § 1986 in Count 8. Plaintiff did, however, reference 42 U.S.C. § 1986 41 pages previously in the "Jurisdiction" section of the Fifth Amended Complaint. *See* Fifth Amended Complaint at 4. Section 1986:

> provides a cause of action against "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 ... are about to be committed, and having power to prevent or aid ... neglects or refuses to do so." Hence, there can be no valid claim under § 1986 of neglect to prevent a known conspiracy, in the absence of a conspiracy under § 1985. Santistevan and Herrera failed to establish a viable § 1985(1) cause of action. Thus, the district court properly dismissed their § 1986 claim. . .

*Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984). All Faiths did not address whether the Court should dismiss Plaintiff's Section 1986 claim, apparently because Plaintiff did not reference Section 1986 in Count 8.

In its Order Granting State Defendants' Motion to Dismiss, the Court dismissed Plaintiff's Section 1986 claims against the State Defendants because Plaintiff failed to establish a viable Section 1985 claim. *See* Doc. 173 at 18, filed September 19, 2025. The Court cannot apply that ruling to All Faiths' Motion in the absence of briefing by the relevant parties. *See Alejandre-Gallegos v. Holder*, 598 Fed.Appx. 604, 605 (10th Cir. 2015) ("In our adversarial system, neutral and busy courts rely on lawyers to develop and present in an intelligible format the facts and law to support their arguments and the adversarial process cannot properly function when one party ignores its obligations under the rules").

The Court deferred ruling on All Faiths Motion to dismiss Plaintiff's RICO claims in Counts 2-3 and her Section 1986 claim in Count 8 and ordered All Faiths and Plaintiff to file supplemental briefs addressing Counts 2-3 and 8.

Plaintiff objects arguing she has stated plausible RICO claims in Counts 2-3 and a plausible Section 1986 claim in Count 8 and that dismissal is premature. *See* Objection at 9-12, 16-18, 21-

9

23.  The Court overrules Plaintiff's Objection regarding Counts 2-3 and 8 because the Court has not dismissed Plaintiff's RICO and Section 1986 claims; it deferred ruling on those claims.

***Rooker-Feldman* Doctrine**

The All Faiths Defendants stated:

Plaintiff's claims are barred under the *Rooker-Feldman* doctrine. Plaintiff's claims in this case center entirely on allegations specific to rulings and alleged conduct related to Plaintiff's custody case in state court.  As a result, Plaintiff's claims in this federal court case amount to no more than asking this Court to overturn a state court decision in a pending state court custody matter.

Motion at 6 (citation omitted). The Court notified Plaintiff that:

Plaintiff has not shown that the Court has jurisdiction over her civil rights claims. Plaintiff's requests for injunctive and declaratory relief, quoted above, are inextricably intertwined with the state court judgment because Plaintiff indirectly seeks to set aside the state court judgment by returning custody of her children to Plaintiff on the ground that the state court wrongfully entered its judgment by violating, along with the other Defendants, Plaintiff's civil rights.

Order at 13.

Plaintiff objects stating:

The Court's reliance on the Rooker-Feldman doctrine to justify dismissal is legally erroneous. . . Plaintiff's claims arise from independent federal violations [of] fraud, retaliation, deprivation of rights, and racketeering not from any challenge to a custody judgment. . . no state-court judgment exists as to All Faiths or its employees. . . Plaintiff does not seek reversal or modification of a state-court decree . . . there has been no final judgment involving these defendants All Faiths, CYFD, or APS in the state court proceeding.

Objection at 12-15.

The Court overrules Plaintiff's Objection regarding dismissal pursuant to *Rooker-Feldman*. The Court dismissed Plaintiff's claims against All Faiths in Count 1 for failure to state a claim. The Court deferred ruling on, and has not dismissed, Plaintiff's remaining claims against All Faiths.

10

**IT IS ORDERED** that Plaintiff's Objection to Order Granting in part All Faiths' Motion to Dismiss, Doc. 182, filed October 10, 2025, is **OVERRULED.**

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.