**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ANTOINETTE MARQUEZ,

      Plaintiff,

v.                                          No. 1:24-cv-00423-KG-JMR

AMBER BAKER-CHAVEZ, *et al.*,

      Defendants.

<u>**SECOND ORDER GRANTING IN PART**</u>
<u>**ALL FAITHS DEFENDANTS' MOTION TO DISMISS**</u>

This case arises from events occurring in conjunction with child custody proceedings in state court. *See* Fifth Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 110, filed January 31, 2025 ("Fifth Amended Complaint").[1] *Pro se* Plaintiff asserted claims against several state officials including judges, judicial employees and case workers, the Children, Youth and Families Department ("CYFD") and the State of New Mexico (collectively "the State Defendants") and against Albuquerque Public Schools and several private individuals and entities. *See* Fifth Amended Complaint at 1 (naming 26 Defendants).

Plaintiff asserted four claims against: (i) All Faiths Children's Advocacy Center; (ii) Heidi Monge, a therapist/supervisor at All Faiths; (iii) Isidro Vigil, a therapist/clinical supervisor at All Faiths; and (iv) Jennifer Gordon, a therapist/clinical supervisor at All Faiths, (collectively "All Faiths" and the "All Faiths Defendants"), pursuant to federal law:

Count 1 – Deprivation of Rights pursuant to 42 U.S.C. § 1983;

Count 2 – RICO;

---

[1] The docket incorrectly refers to the Fifth Amended Complaint as the Sixth Amended Complaint.

Count 3 – RICO conspiracy;

Count 8 - 42 U.S.C. § 1986, Action for neglect to prevent;

and four claims pursuant to state law:

Count 4 – Civil Conspiracy;

Count 5 – Abuse of Process;

Count 6 – Fraud; and

Count 7 – Theft or Alteration of Records Process, False Bail.  *See* Fifth Amended Complaint at 35-45.

The Court granted All Faith's Motion to Dismiss Plaintiff's Fifth Amended Complaint in part as follows.  The Court Dismissed Plaintiff's claims against All Faiths in Count One with prejudice.  *See* Order Granting in part All Faiths Defendants' Motion to Dismiss at 13, Doc. 175, filed September 25, 2025 ("Order").  The Court deferred ruling on Plaintiff's claims against All Faiths in Counts Two through Eight.  The Court noted that All Faiths did not address whether the Court should dismiss Plaintiff's claims pursuant to RICO in Counts Two and Three, and Plaintiff's claim pursuant to 42 U.S.C. § 1986 and ordered All Faiths and Plaintiff to file supplementary briefs addressing whether the Court should dismiss those claims.  *See* Order at 9-11.

All Faiths filed their Supplemental Brief on October 9, 2025.  *See* Doc. 180.  Plaintiff filed a Supplemental Response to All Faiths' Supplemental Brief.  *See* Doc. 184, filed October 21, 2025. Plaintiff argues that the Court's decision to permit a supplemental is "procedurally improper." Supplemental Response at 2.  The Court previously addressed this argument finding that it is within the Court's inherent power to allow supplemental briefing.  *See* Order Overruling Plaintiff's Objection to Order Granting in part Albuquerque Public Schools' Motion to Dismiss at 6, Doc. 189, filed January 14, 2026.

RICO Claims

Plaintiff asserted claims pursuant to the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1964, Civil remedies.

> To plead a valid RICO claim, a plaintiff must plausibly allege that a defendant "(1) conducted the affairs (2) of an enterprise (3) through a pattern (4) of racketeering activity." *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1248 (10th Cir. 2016). "Racketeering activity" consists of the criminal offenses listed in 18 U.S.C. § 1961(1), and a "pattern" requires at least two racketeering acts committed within ten years of each other. 18 U.S.C. § 1961(5).

*Johnson v. Heath*, 56 F.4th 851, 858-859 (10th Cir. 2022).

All Faiths filed a supplemental brief arguing that the Fifth Amended Complaint failed to state RICO claims because it: (i) "fails to plead any facts that could support a finding of a RICO enterprise;" and (ii) "does not allege that the All Faiths Defendants conducted or participated in the conduct of the alleged enterprise's affairs through a pattern of racketeering activity." All Faith's Supplemental Brief at 2-3.

Plaintiff asserts that the Fifth Amended Complaint "pleads each [element of a civil RICO claim] with specificity." Supplemental Response at 7. Plaintiff describes some acts of Defendants, makes vague, conclusory statements such as "[i]nterconnected state/private actors shared a common purpose to suppress disclosures, preserve funding/referrals, and protect aligned participants," Defendant's "repeated report filing/withdrawal, synchronized misstatements, ex parte misuse of process, and 'coaching' narratives are related and continuous, timed around hearing," and "[p]redicate acts include mail and wire fraud, obstruction of justice, witness tampering/intimidation, deprivation of rights, and unlawful removal/custodial interference." Supplemental Response at 4-8 (parenthetical citations of criminal statues omitted). Plaintiff has not, however, pointed to any allegations in the Fifth Amended Complaint supporting her argument that the Fifth Amended Complaint states plausible RICO claims.

The Court dismisses Plaintiff's claims against All Faiths pursuant to RICO for failure to state a claim.  In addition to All Faiths, Defendants in this case include state-court judges and other judicial officers involved in adjudicating a child custody case, Albuquerque Public Schools, CYFD case workers, the children's father and his attorney.  The allegations in the Fifth Amended Complaint show that All Faiths and the other Defendants were involved with matters regarding Plaintiff's children but do not plausibly allege facts showing that Defendants functioned as a continuing unit with a shared purpose to deprive Plaintiff of her rights through crimes that constitute racketeering activities.

Section 1986 Claims

The Court noted:

Although not obvious, the Fifth Amended Complaint, liberally construed, asserts a claim pursuant to 42 U.S.C. § 1986, Action for neglect to prevent. In Count 8, "Action for Neglect to Prevent," Plaintiff alleges Defendants "engaged in a concerted effort to make knowingly neglected to prevent the wrongs conspired to be done, having power or aid in preventing the commission of the same, neglected or refused to do so." [sic] Fifth Amended Complaint at 45. Plaintiff does not reference 42 U.S.C. § 1986 in Count 8. Plaintiff does, however, reference 42 U.S.C. § 1986 41 pages previously in the "Jurisdiction" section of the Fifth Amended Complaint. *See* Fifth Amended Complaint at 4.

Order at 10.

Section 1986:

provides a cause of action against "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 ... are about to be committed, and having power to prevent or aid ... neglects or refuses to do so." Hence, there can be no valid claim under § 1986 of neglect to prevent a known conspiracy, *in the absence of a conspiracy under § 1985*. Santistevan and Herrera failed to establish a viable § 1985(1) cause of action. Thus, the district court properly dismissed their § 1986 claim. . .

*Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984) (emphasis added).

The relevant portion of § 1985(2) provides a right of action "if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any

4

> manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws." 42 U.S.C. § 1985(2). Section 1985(3), clause 1, provides a right of action "[i]f two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws." 42 U.S.C. § 1985(3).
>
> Among other elements, both causes of action require a showing of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *see also Murray v. City of Sapulpa,* 45 F.3d 1417, 1423 (10th Cir.1995); *Smith v. Yellow Freight Sys., Inc.,* 536 F.2d 1320, 1323 (10th Cir.1976). The focus of the racial animus inquiry is the government actor's "intent, motive, or purpose." *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio,* 847 F.2d 642, 647 (10th Cir.1988). To avoid summary judgment, Plaintiffs must point to "specific, nonconclusory evidence" that the Defendants' actions were "improperly motivated." *Id.* at 650.

*Jones v. Norton*, 809 F.3d 564, 578 (10th Cir. 2015).

All Faiths contends that the Fifth Amended Complaint failed to state a claim pursuant to 42 U.S.C. § 1986 because "Plaintiff's mere conclusory assertion that all Defendants conspired, in general, fails to state a plausible claim under Section 1985," "claims under Section 1985 require 'class-based or racially discriminatory animus'" and "Plaintiff has made no allegation that any alleged conspiracy was done on a class-based or racially discriminatory basis."  All Faiths' Supplemental Brief at 6-7.

Plaintiff addresses Sections 1985 and 1986 in three paragraphs that state:

1.    Defendants combined to obstruct justice and discredit disclosures as "coaching," satisfying a meeting of the minds.

2.    The ongoing agreement false reports, withdrawals, synchronized narratives deprived Plaintiff of equal protection and access to courts.

3.    Defendants knew and failed to prevent, creating § 1986 liability.  Knowledge is evidenced by emails, police reports, forensic-interview records, and agency communications.  Isidro Vigil and Jennifer Gordon were aware of Monge's bad-faith report.

Supplemental Response at 10 (citations to case law omitted). Plaintiff also sets forth statements in a section titled "Factual Chain Establishing Enterprise and Conspiracy" which describes the actions of All Faiths and other Defendants and concludes "[t]hese facts show a continuing pattern to silence Plaintiff and conceal abuse; the coordinated use of state funding, agency reports, and court filings establish relationship and continuity," Defendant "Rascon's [who is a CYFD caseworker and is not an All Faiths Defendant] reversal and omission of the original report further show neglect to prevent under § 1986," and cites documents filed in this case. Supplemental Response at 4-6, 13. The Supplemental Response does not identify any allegations in the Fifth Amended Complaint that support Plaintiff's Section 1985 and Section 1986 claims.

The Court dismisses Plaintiff's Section 1986 claims in Count 8. Although Plaintiff references 42 U.S.C. § 1985 in the "Jurisdiction" section of the Fifth Amended Complaint, the "Counts" Plaintiff asserts in her Fifth Amended Complaint do not include a claim for Conspiracy pursuant to 42 U.S.C. § 1985. *See* Fifth Amended Complaint at 4, 42 (asserting "Count Four Civil Conspiracy"). Plaintiff has not shown that the Fifth Amended Complaint states a claim pursuant to 42 U.S.C. § 1985 because: (i) she does not identify allegations in the Fifth Amended Complaint showing some racial or otherwise class-based discriminatory animus behind Defendants' actions; and (ii) she has not alleged non-conclusory facts establishing a conspiracy. Because Plaintiff failed to establish a viable Section 1985 claim, the Court dismisses Plaintiff's Section 1986 claim against All Faiths for failure to state a claim. *See Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984) ("there can be no valid claim under § 1986 of neglect to prevent a known conspiracy, in the absence of a conspiracy under § 1985").

State-Law Claims

The Court, having dismissed Plaintiff's federal law claims against All Faiths, declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses Plaintiff's state-law claims against All Faiths without prejudice.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

**IT IS ORDERED** that the All Faiths Defendants' Motion to Dismiss Plaintiff's Fifth Amended Complaint, Doc. 112, filed February 12, 2025, is **GRANTED in part** as follows: (i) Plaintiff's RICO claims against All Faiths in Counts Two and Three of the Fifth Amended Complaint are **DISMISSED with prejudice;** (ii) Plaintiff's claims against All Faiths pursuant to 42 U.S.C. § 1986 are **DISMISSED with prejudice**; and (ii) Plaintiff's state-law claims against All Faiths in Counts 4-8 are **DISMISSED without prejudice.**

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.