**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ANTOINETTE MARQUEZ,

        Plaintiff,

v.                                                                                   No. 1:24-cv-00423-KG-JMR

AMBER BAKER-CHAVEZ, *et al.*,

        Defendants.

## ORDER REGARDING CLAIMS OF REMAINING DEFENDANTS

This case arises from events occurring in conjunction with child custody proceedings in state court. *See* Fifth Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 110, filed January 31, 2025 ("Fifth Amended Complaint").[1] *Pro se* Plaintiff asserts claims against several state officials including judges, judicial employees and case workers, the Children, Youth and Families Department ("CYFD") and the State of New Mexico (collectively "the State Defendants"), Albuquerque Public Schools, All Faiths Children's Advocacy Center and some of its employees, a teacher at Albuquerque Public Schools and the director of a daycare. *See* Fifth Amended Complaint at 1 (naming 26 Defendants).

The Court has, after briefing by the Parties, dismissed Plaintiff's federal-law claims against 20 Defendants with prejudice for failure to state a claim and dismissed Plaintiff's state-law claims against those Defendants after declining to exercise supplemental jurisdiction. *See* Order Granting State Defendants' Motion to Dismiss, Doc. 173, filed September 19, 2025 (15 Defendants); Orders Granting in part Albuquerque Public Schools' Motion to Dismiss, Doc. 174, filed September 23, 2025, and Doc. 190, filed January 20, 2026; Order Granting in part all Faiths Defendants' Motion to Dismiss, Doc. 175, filed September 25, 2025 (four Defendants).

---

[1] The docket incorrectly refers to the Fifth Amended Complaint as the Sixth Amended Complaint.

Plaintiff's claims against Defendants Stephen Matthews Torres, the law firm he is associated with and Teresa Hanlon, an employee of the law firm, (collectively the "Torres Defendants"), and against Defendants Billy Cobos and Jennifer Lopez remain pending. It appears that the Fifth Amended Complaint fails to state claims pursuant to federal law against the Torres Defendants and Defendants Cobos and Lopez for the same reasons why the Fifth Amended Complaint failed to state federal-law claims against the other 20 Defendants. The Court orders, as described below, Plaintiff and the Torres Defendants to address whether the Fifth Amended Complaint states federal-law claims against the Torres Defendants and Defendants Cobos and Lopez.

**Defendants Cobos and Lopez**

Defendant Billy Cobos apparently is the father of the children that form part of the basis for the state-court proceeding. *See* Fifth Amended Complaint at 28, ¶ 193 ("Defendant Cobos participated in the unlawful kidnapping of his two oldest Children and has abandoned his youngest child, actions that constitute parental interference and significant emotional harm to the Children involved"). Defendant Jennifer Lopez is the Director at Busy Bee Daycare in Albuquerque, New Mexico. *See* Fifth Amended Complaint at 8, ¶ 34; at 28, ¶¶ 197-198 (alleging Defendant Lopez "unlawfully held the Children hostage for over 625 days" and "den[ied Plaintiff] access to the Children").

United States Magistrate Judge Jennifer M. Rozzoni granted Plaintiff's motion for service on Defendants Cobos and Lopez stating:

> Because Plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915, the Court orders the Clerk of the Court to notify Defendants, at the addresses provided by Plaintiff in her Second Motion for Service, that an action has been commenced and request that Defendants waive service pursuant to Fed. R. Civ. P. 4(d).

Order Granting Motion for Service at 2, Doc. 132, filed April 4, 2025. Defendants Cobos and Lopez have not returned the waiver and have not otherwise appeared in this case.

2

Plaintiff states she cannot move for entry of default due to the filing restrictions the Court has imposed on her. *See* Objection at 17, Doc. 181, filed October 10, 2025. Plaintiff may file a motion for entry of default and a motion for default judgment as to Defendants Cobos and Lopez.

The Court notifies Plaintiff that:

Default judgments are a harsh sanction. *M.E.N. Co. v. Control Fluidics, Inc.,* 834 F.2d 869, 872 (10th Cir.1987).

> [S]trong policies favor resolution of disputes on their merits: "[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection."

*H.F. Livermore,* 432 F.2d at 691, *quoted in Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.,* 715 F.2d 1442, 1444 (10th Cir.1983).

> We do not favor default judgments because the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for delays in filing or other procedural error. However, a workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard.

*Cessna Fin. Corp.,* 715 F.2d at 1444-45 (citations omitted); *see also Gomes v. Williams,* 420 F.2d 1364, 1366 (10th Cir.1970).

*In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991). Furthermore,

> [D]efault judgments are not automatic once a defendant has defaulted. *See Bixler v. Foster,* 596 F.3d 751, 762 (10th Cir. 2010) ("*Once default is entered, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action*, since a party in default does not admit mere conclusions of law." (internal quotation marks omitted)). Thus, in determining whether to enter a default judgment, the district court could have conducted a hearing to establish the truth of [Plaintiff's] allegations. Fed. R. Civ. P. 55(b)(2)(C).

*Shell v. Henderson*, 622 Fed.Appx. 730, 733-34 (10th Cir. 2015) (emphasis added).

It is not clear that the facts alleged in the Fifth Amended Complaint constitute legitimate causes of actions pursuant to federal law against Defendants Cobos and Lopez. Plaintiff is proceeding

3

*in forma pauperis* pursuant to 28 U.S.C. § 1915 which states "the court shall dismiss the case at any time if the court determines that . . .the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); Order at 3, Doc. 9, filed June 17, 2024 (granting Plaintiff's motion to proceed *in forma pauperis*). The Court orders Plaintiff to show cause why the Court should not dismiss Plaintiff's federal law claims against Defendants Cobos and Lopez.

**The Torres Defendants**

The Torres Defendants represented Defendant Billy Cobos in the state-court case. *See* Fifth Amended Complaint at 11, ¶ 54 (stating attorney Stephen Matthew Torres entered his appearance as counsel in the state-court case as counsel for Billy Cobos).

The Torres Defendants moved for dismissal of Plaintiff's claims against them because "[s]ervice of process was never properly executed by the Plaintiff on these Defendants." Defendants Stephen Matthew Torres, Teresa Hanlon and Trujillo Dodd, Torres & O'Brien, LLC, d/b/a Family Law Firm, LLC's ("Torres Defendants") Joint Third Motion to Dismiss, Doc. 119, filed February 28, 2025.

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). After Plaintiff filed her Fifth Amended Complaint, United States Magistrate Judge Jennifer M. Rozzoni ordered the Clerk to request that the Torres Defendants waive service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. *See* Order, Doc. 132, filed April 4, 2025.

The Torres Defendants waived service of the summonses and accepted service of the Fifth Amended Complaint. *See* Waiver of the Service of Summons, Doc. 139, filed April 29, 2025. "A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent." Fed. R. Civ. P. 4(d)(3). The Clerk's Office

4

sent a request for waiver on April 7, 2025, making the Torres Defendants' answer due on June 6, 2025. The Torres Defendants did not timely file an answer or motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

The Court ordered the Torres Defendants to file an answer to the Fifth Amended Complaint or a motion pursuant to Rule 12 of the Federal Rules of Civil Procedure. *See* Order Regarding Response to Fifth Amended Complaint at 2, Doc. 176, filed October 2, 2025.

The Torres Defendants filed a "Response" but did not identify whether the Response was an answer or a motion to dismiss. *See* Defendants' Joint Response to Fifth Amended Civil Rights Complaint Filed January 31, 2025, Doc. 179, filed October 8, 2025 ("Response"). The Court construes the Response as an answer because the Torres Defendants "den[y] all the numbered allegations" in the Fifth Amended Complaint. Response at 1. Although the Torres Defendants ask the Court to "[d]eny the relief requested by the Plaintiff in its entirety and dismiss this entire matter" the Court does not construe the Torres Defendants' Response as a motion to dismiss because the Torres Defendants did not file a separate brief supporting their request to deny the relief requested by Plaintiff. *See* D.N.M.LR-Civ. 7.1(a) ("A motion must . . . state with particularity the grounds and the relief sought"); D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced. Movant's authority may be submitted in a separate brief filed and served contemporaneously with the motion").

The deadline for the Torres Defendants to file a motion to dismiss for failure to state a claim has passed. *See* Fed. R. Civ. P. 12(b) ("A motion [to dismiss] asserting any of these defenses [listing, among others "failure to state a claim upon which relief can be granted"] must be made before pleading if a responsive pleading is allowed"). However, the deadline for filing a motion for judgment on the pleadings has not yet passed. *See* Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings");

Fed. R. Civ. P. 12(h)(2)(B) ("Failure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c) [motion for judgment on the pleadings]").  Because a ruling on a motion for judgment on the pleadings may dispose of all the claims against the Torres Defendants, the Court orders the Torres Defendants, if they intend to file a motion for judgment on the pleadings, to file the motion within 21 days of entry of this Order, to avoid any unnecessary pretrial proceedings.  The Court declines to evaluate the Fifth Amended Complaint for failure to state a claim pursuant to Section 1915(e)(2), as it is for Defendants Cobos and Lopez, because the Torres Defendants have appeared in this action.  *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it").

The Court has imposed filing restrictions on Plaintiff and listed several exceptions to the filing restrictions.  *See* Order Imposing Filing Restrictions at 8, Doc. 156, filed June 24, 2025 (stating the Court may order additional exceptions later).  The Court now orders the following additional exception to the filing restrictions.  Plaintiff may file documents related to her claims against the Torres Defendants including responses to any documents the Torres Defendants file.  The Court reminds Plaintiff that failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case.  *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**IT IS ORDERED** that:

(i)    Plaintiff may file a motion for entry of default and a motion for default judgment as to Defendants Cobos and Lopez.

(ii)   Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not dismiss Plaintiff's federal-law claims against Defendants Billy Cobos and Jennifer Lopez for failure to state a claim.  Failure to timely show cause may result in dismissal of those claims.

(iii)  The Torres Defendants may, within 21 days of entry of this Order, file a motion for judgment on the pleadings.  Failure to timely file a motion for judgment on the pleadings may result in the Court proceeding with pretrial matters.

(iv)   Plaintiff may file documents related to her claims against the Torres Defendants including responses to any documents the Torres Defendants file.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.

7