**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ANTOINETTE MARQUEZ,

Plaintiff,

v. No. 1:24-cv-00423-KG-JMR

AMBER BAKER-CHAVEZ, *et al.*,

Defendants.

**SECOND ORDER REGARDING CLAIMS OF REMAINING DEFENDANTS**

This case arises from events occurring in conjunction with child custody proceedings in state court. *See* Fifth Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 110, filed January 31, 2025 ("Fifth Amended Complaint").[1] *Pro se* Plaintiff asserted claims against several state officials including judges, judicial employees and case workers, the Children, Youth and Families Department ("CYFD") and the State of New Mexico (collectively "the State Defendants"), Albuquerque Public Schools, All Faiths Children's Advocacy Center and some of its employees, a teacher at Albuquerque Public Schools and the director of a daycare. *See* Fifth Amended Complaint at 1 (naming 25 Defendants).

The Court has, after briefing by the Parties, dismissed Plaintiff's federal-law claims against 20 Defendants with prejudice for failure to state a claim and dismissed Plaintiff's state-law claims against those Defendants after declining to exercise supplemental jurisdiction. *See* Order Granting State Defendants' Motion to Dismiss, Doc. 173, filed September 19, 2025 (15 Defendants); Orders Granting in part Albuquerque Public Schools' Motion to Dismiss, Doc. 174, filed September 23,

[1] The docket incorrectly refers to the Fifth Amended Complaint as the Sixth Amended Complaint.

2025, and Doc. 190, filed January 20, 2026; Order Granting in part all Faiths Defendants' Motion to Dismiss, Doc. 175, filed September 25, 2025 (four Defendants).

Plaintiff's claims against Defendants Billy Cobos and Jennifer Lopez remain pending. Plaintiff's claims against Defendants Stephen Matthews Torres, the law firm he is associated with and Teresa Hanlon, an employee of the law firm, (collectively the "Torres Defendants"), also remain pending.

**Defendants Cobos and Lopez**

Defendant Billy Cobos apparently is the father of the children that form part of the basis for the state-court proceedings. *See* Fifth Amended Complaint at 28, ¶ 193 ("Defendant Cobos participated in the unlawful kidnapping of his two oldest Children and has abandoned his youngest child, actions that constitute parental interference and significant emotional harm to the Children involved"). Defendant Jennifer Lopez is the Director at Busy Bee Daycare in Albuquerque, New Mexico. *See* Fifth Amended Complaint at 8, ¶ 34; at 28, ¶¶ 197-198 (alleging Defendant Lopez "unlawfully held the Children hostage for over 625 days" and "den[ied Plaintiff] access to the Children").

United States Magistrate Judge Jennifer M. Rozzoni granted Plaintiff's motion for service on Defendants Cobos and Lopez stating:

> Because Plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915, the Court orders the Clerk of the Court to notify Defendants, at the addresses provided by Plaintiff in her Second Motion for Service, that an action has been commenced and request that Defendants waive service pursuant to Fed. R. Civ. P. 4(d).

Order Granting Motion for Service at 2, Doc. 132, filed April 4, 2025. After Defendants Cobos and Lopez did not return the waiver and did not otherwise appear in this case, Plaintiff filed a motion asking the Court to serve Defendants Cobos and Lopez pursuant to 28 U.S.C. § 1915. *See*

Doc. 154, filed June 12, 2025. The Court denied Plaintiff's motion for service on Defendants Cobos and Lopez stating:

> There are three pending motions to dismiss in this case filed by other Defendants. *See* All Faith's Children Advocacy Center et al.'s Motion to Dismiss, Doc. 112, filed February 12, 2025; Albuquerque Public School's Motion to Dismiss, Doc. 114, filed February 13, 2025; State of New Mexico Defendants' Motion to Dismiss, Doc. 115, filed February 17, 2025. After the Court rules on the pending motions to dismiss, the Court will review Plaintiff's Fifth Amended Complaint to determine whether it states claims against Defendants Cobos and Lopez. *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted").

Doc. 156 at 8-9, filed June 24, 2025.

The Court, having ruled on the pending motions to dismiss, ordered Plaintiff to show cause why the Court should not dismiss Plaintiff's federal law claims against Defendants Cobos and Lopez. *See* Order Regarding Claims of Remaining Defendants at 3-4, Doc. 195, filed April 15, 2026.

Plaintiff asserts four federal law claims against Defendants Cobos and Lopez: (i) Count One, Deprivation of Rights Under Color of Law; (ii) Count Two, RICO; and (iii) Count Three, RICO Conspiracy; (iv) Count Eight, Action for Neglect to Prevent. *See* Fifth Amended Complaint at 35, 38, 40, 45. The fifth federal law claim is not asserted against Defendants Cobos and Lopez. *See* Fifth Amended Complaint at 46 (Count Nine, Americans with Disabilities Act of 1990).

<u>Applicability of 28 U.S.C. § 1915</u>

In her Response to the Order to Show Cause, Plaintiff asserts that "Screening under 28 U.S.C. §1915(e)(2) does not permit the Court to disregard Rule 55(a) [entry of default against a party who has failed to plead or otherwise defend], Rule 8(b)(6) [an allegation is admitted if a responsive pleading is required and the allegation is not denied], or the factual admissions resulting from defendants' failure to answer." Response at 4-5, Doc. 197, filed May 12, 2026. While

Rule 55(a) states "the clerk must enter the party's default" when a party fails to plead or otherwise defend,

> [D]efault judgments are not automatic once a defendant has defaulted. *See Bixler v. Foster,* 596 F.3d 751, 762 (10th Cir. 2010) ("Once default is entered, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." (internal quotation marks omitted)). Thus, in determining whether to enter a default judgment, the district court could have conducted a hearing to establish the truth of [Plaintiff's] allegations. Fed. R. Civ. P. 55(b)(2)(C).

*Shell v. Henderson*, 622 Fed.Appx. 730, 733-34 (10th Cir. 2015).

Section 1915(e)(2) states "the court shall dismiss the case *at any time* if the court determines that . . . the action . . . fails to state a claim on which relief may be granted. 29 U.S.C. § 1915(e)(2) (emphasis added). Plaintiff has not cited any legal authority that would allow the Court to disregard the plain language in Section 1915(e)(2).

<u>Count One, Deprivation of Rights Under Color of Law</u>

Plaintiff asserts claims for deprivation of rights under color of law pursuant to 42 U.S.C. § 1983, and 18 U.S.C. §§ 241 and 242. *See* Fifth Amended Complaint at 35. The Court dismisses Plaintiff's claims pursuant to 18 U.S.C. §§ 241 and 242 because Sections 241 and 242 are criminal statutes. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx.414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

"The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). Plaintiff alleges Defendant Cobos was "employed as a Teacher at Valley

High School in Albuquerque, New Mexico" and that Defendant Lopez was "employed as a Director at Busy Bee Daycare in Albuquerque, New Mexico." Fifth Amended Complaint at 8.

Plaintiff does not allege that Defendants Cobos and Lopez are state actors on the basis that their actions could be considered as actions of the State or that they were exercising State powers. *See Fowler v. Stitt*, 104 F.4th 770, 798 (10th Cir. 2024) (a plaintiff may demonstrate a person is a state actor by showing that their conduct "may be fairly treated as that of the State itself"); *Wasatch Equality v. Alta Ski Lifts Co.*, 820 F.3d 381, 386 (10th Cir. 2016) (a plaintiff may demonstrate that a private entity is a state actor by showing that the private entity "exercises powers traditionally exclusively reserved to the State").

Plaintiff alleges that Defendants Cobos and Lopez are state actors because they conspired with public actors. *See* Fifth Amended Complaint at 28 ("Defendant Billy Cobos has actively participated in a conspiracy The Enterprise wherein he has allowed his attorney Stephen Matthew Torres, to file motions that are frivolous and without merit, specifically a motion to change custody"); at 29 ("Defendant Jennifer Lopez has conspired with Defendants to facilitate parental interference and has unlawfully held the Plaintiff's two oldest minor children hostage, depriving Plaintiff of her custodial rights and access to her Children"). To state a Section 1983 conspiracy claim, a plaintiff has to allege "specific facts showing an agreement [upon a common, unconstitutional goal], and concerted action [taken to advance that goal"] among defendants." *Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022).

The Fifth Amended Complaint fails to state a plausible conspiracy claim pursuant to 42 U.S.C. § 1983. Plaintiff makes vague, conclusory allegations that Defendants Cobos and Lopez conspired with others but has not alleged specific facts showing that Defendants agreed to deprive Plaintiff of her constitutional rights and acted in concert to advance that goal. Allegations that

Defendants Cobos and Lopez participated with the other Defendants in court proceedings and the children's education and welfare are not sufficient. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("Allegations that are merely consistent with a defendant's liability" are not sufficient; a plaintiff must "allege facts from which we may reasonably infer Defendant's liability" and which "nudge the claim across the line from conceivable or speculative to plausible"). In her Response, Plaintiff describes Defendants Cobos and Lopez' conduct, often citing various documents, but does not identify any allegations in the Fifth Amended Complaint that show Defendants Cobos and Lopez reached agreement with the other Defendants on a common, unconstitutional goal and took concerted action to advance that goal. The Court therefore dismisses Plaintiff's Section 1983 claims against Defendants Cobos and Lopez.

<u>Count Two, RICO and Count Three, RICO Conspiracy</u>

Plaintiff asserts claims pursuant to the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1964, Civil remedies.

> To plead a valid RICO claim, a plaintiff must plausibly allege that a defendant "(1) conducted the affairs (2) of an enterprise (3) through a pattern (4) of racketeering activity." *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1248 (10th Cir. 2016). "Racketeering activity" consists of the criminal offenses listed in 18 U.S.C. § 1961(1), and a "pattern" requires at least two racketeering acts committed within ten years of each other. 18 U.S.C. § 1961(5).
> ....
>
> According to the Supreme Court, a RICO pattern requires that the racketeering predicates relate to each other and amount to a threat of continued racketeering activity.
> ....
>
> racketeering predicates relate to each other if they "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events."

*Johnson v. Heath*, 56 F.4th 851, 858-859 (10th Cir. 2022).

> RICO takes aim at "racketeering activity," which it defines as any act "chargeable" under several generically described state criminal laws, any act "indictable" under numerous specific federal criminal provisions, including mail and wire fraud, and any "offense" involving bankruptcy or securities fraud or drug-related activities that is "punishable" under federal law. § 1961(1). Section 1962, entitled "Prohibited Activities," outlaws the use of income derived from a "pattern of racketeering activity" to acquire an interest in or establish an enterprise engaged in or affecting interstate commerce; the acquisition or maintenance of any interest in an enterprise "through" a pattern of racketeering activity; conducting or participating in the conduct of an enterprise through a pattern of racketeering activity; and conspiring to violate any of these provisions.
>
> Congress provided criminal penalties of imprisonment, fines, and forfeiture for violation of these provisions. § 1963. In addition, it set out a far-reaching civil enforcement scheme, § 1964, including the following provision for private suits:
>
>> "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee." § 1964(c).

*Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 481-483 (1985) (footnotes omitted). "[T]he purpose and history of the Act and the substance of RICO's provisions demonstrate a clear congressional intent that RICO be interpreted to apply to activities that corrupt public or governmental entities. We note that this view is shared by virtually every other court that has considered the question." *United States v. Angelilli*, 660 F.2d 23, 33 (2d Cir. 1981) (citing cases); *Sinclair v. Hawke*, 314 F.3d 934, 943 (8th Cir. 2003) ("The major purpose behind RICO is to curb the infiltration of legitimate business organizations by racketeers"); *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 463 (2006) (stating "organized crime [is] the target of the RICO statute").

Plaintiff makes conclusory allegations that Defendants Cobos and Lopez participated in and conspired to conduct an enterprise through a pattern of racketeering activity. *See*, *for example*, Fifth Amended Complaint at 4. An "'enterprise' includes any individual, partnership corporation,

association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961.

> An enterprise is established "by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." [*United States v. Turkette*, 452 U.S. 576, 583 (1981)]. The enterprise "is an entity separate and apart from the pattern of [racketeering] activity in which it engages," *ibid;* see also *United States v. Anderson,* 626 F.2d 1358, 1365 (8th Cir.1980), *cert. denied,* 450 U.S. 912, 101 S.Ct. 1351, 67 L.Ed.2d 336 (1981), although the proof of these separate elements "may in particular cases coalesce." *Turkette,* 452 U.S. at 583, 101 S.Ct. at 2529. See generally *United States v. Riccobene,* 709 F.2d 214, 221–23 (3d Cir.), *cert. denied,* 464 U.S. 849, 104 S.Ct. 157, 78 L.Ed.2d 145 (1983).
>
> Following *Turkette,* this Court in *United States v. Bledsoe,* 674 F.2d 647, 664–65 (8th Cir.), *cert. denied,* 459 U.S. 1040, 103 S.Ct. 456, 74 L.Ed.2d 608 (1982), identified three characteristics that distinguish a RICO enterprise: First, there must be a common or shared purpose that animates the individuals associated with it. Second, it must be an "ongoing organization" whose members "function as a continuing unit," *Turkette,* 452 U.S. at 583, 101 S.Ct. at 2528; in other words, there must be some continuity of structure and of personnel. Third, there must be an ascertainable structure distinct from that inherent in the conduct of a pattern of racketeering activity. See also, *United States v. Lemm,* 680 F.2d 1193, 1198 (8th Cir.1982), *cert. denied,* 459 U.S. 1110, 103 S.Ct. 739, 74 L.Ed.2d 960 (1983). Proof of all three of these characteristics is necessary in order to avoid the danger of guilt by association that arises because RICO does not require a proof of a single agreement as in a conspiracy case, and in order to ensure that criminal enterprises, which are RICO's target, are distinguished from individuals who associate for the commission of sporadic crime. *Bledsoe,* 674 F.2d at 664–65; *Lemm,* 680 F.2d at 1198.

*United States v. Kragness*, 830 F.2d 842, 855 (8th Cir. 1987).

Plaintiff argues that the Defendants' "own admissions, filings, conduct and coordinated actions establish that they operated jointly and in concert, satisfying the joint action and conspiracy standards under 42 U.S.C. §1983 and the enterprise and pattern requirements under RICO." Response at 18. Plaintiff asserts the Fifth Amended Complaint "contains binding Rule 8(b)(6) admissions by defaulted defendants Cobos and Lopez, because Defendants Cobos and Lopez failed to answer the Fifth Amended Complaint "every allegation against them is admitted" and those allegations "establish the existence of coordinated enterprise activity." Response at 19.

The Court dismisses Plaintiff's claims pursuant to RICO for failure to state a claim. Defendants in this case include state-court judges and other judicial officers involved in adjudicating a child custody case, CYFD case workers, a behavioral health agency and social workers specializing in the treatment of families, children and their caregivers, the children's father and his attorneys. The allegations in the Fifth Amended Complaint show that each of the Defendants were involved with the child custody proceedings but do not plausibly allege that Defendants functioned as a continuing unit with a shared purpose to deprive Plaintiff of her rights through crimes that constitute racketeering activities.

<u>Count Eight, Action for Neglect to Prevent</u>

Plaintiff asserts a claim pursuant to 42 U.S.C. § 1986, Action for neglect to prevent. *See* Fifth Amended Complaint at 4, 45 (alleging Defendants "engaged in a concerted effort to make knowingly neglected to prevent the wrongs conspired to be done, having power or aid in preventing the commission of the same, neglected or refused to do so" [sic]); Response at 24 (quoting 42 U.S.C. § 1986).

42 U.S.C. § 1986:

> provides a cause of action against "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 ... are about to be committed, and having power to prevent or aid ... neglects or refuses to do so." Hence, there can be no valid claim under § 1986 of neglect to prevent a known conspiracy, in the absence of a conspiracy under § 1985. Santistevan and Herrera failed to establish a viable § 1985(1) cause of action. Thus, the district court properly dismissed their § 1986 claim. . .

*Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984).

The "Counts" Plaintiff asserts in her Fifth Amended Complaint do not include a claim for Conspiracy pursuant to 42 U.S.C. § 1985. *See* Fifth Amended Complaint at 42 (asserting "Count

Four Civil Conspiracy"). Plaintiff does, however, reference 42 U.S.C. § 1985 in the "Jurisdiction" section of the Fifth Amended Complaint. *See* Fifth Amended Complaint at 4.

> The relevant portion of § 1985(2) provides a right of action "if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws." 42 U.S.C. § 1985(2). Section 1985(3), clause 1, provides a right of action "[i]f two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws." 42 U.S.C. § 1985(3).
>
> Among other elements, both causes of action require a showing of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *see also Murray v. City of Sapulpa,* 45 F.3d 1417, 1423 (10th Cir.1995); *Smith v. Yellow Freight Sys., Inc.,* 536 F.2d 1320, 1323 (10th Cir.1976). The focus of the racial animus inquiry is the government actor's "intent, motive, or purpose." *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio,* 847 F.2d 642, 647 (10th Cir.1988). To avoid summary judgment, Plaintiffs must point to "specific, nonconclusory evidence" that the Defendants' actions were "improperly motivated." *Id.* at 650.

*Jones v. Norton*, 809 F.3d 564, 578 (10th Cir. 2015).

Plaintiff states Defendants Cobos and Lopez' "failure to prevent the conspiracy satisfies Count Eight (§1986 neglect to prevent)." Response at 17. Plaintiff also states the New Mexico Attorney General and Department of Justice have publicly documented systemic misconduct within CYFD, APS, and related child-welfare and educational agencies . . . These findings corroborate the allegations in Plaintiff's Fifth Amended Complaint . . . [and] These findings independently support Plaintiff's allegations of enterprise activity under RICO, conspiracy under §1985, neglect to prevent under §1986, and deprivation of rights under §1983." Response at 21-22.

The Fifth Amended Complaint fails to state a claim pursuant to 42 U.S.C. § 1985 because: (i) Plaintiff does not allege facts showing some racial or otherwise class-based discriminatory animus behind Defendants' actions; and (ii) she has not alleged non-conclusory facts establishing

a conspiracy. Because Plaintiff failed to establish a viable Section 1985 claim, the Court dismisses Plaintiff's Section 1986 claim.

Count Nine, Americans with Disabilities Act

Count Nine of the Fifth Amended Complaint does not assert Americans with Disabilities Act claims against Defendants Cobos and Lopez. *See* Fifth Amended Complaint at 46 (identifying nine other Defendants). In her Response, Plaintiff states Defendant Cobos and Lopez' "denial of access to records and accommodations satisfies Count Nine (ADA Title II)." Response at 18. If Plaintiff is asserting claims against Defendants Cobos and Lopez pursuant to Title II of the ADA, the Court dismisses those claims. "Title II does not create individual liability." *Brooks v. Colo. Dept. of Corrections*, 715 Fed.Appx. 814, 818 (10th Cir. 2017) (citing *Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 744 (10th Cir. 1999)); *Carrasquillo v. City of New York*, 324 F.Supp.2d 428, 441-442 (S.D.N.Y. 2004) ("Individuals cannot be named as defendants in ADA suits in either their official or representative capacities . . . because Title II provides disabled individuals redress for discrimination by a *public entity,* which, as it is defined in the statute, does not include individuals).

State Law Claims

Plaintiff asserts four state law claims against Defendants Cobos and Lopez: (i) Count Four, Civil Conspiracy; (ii) Count Five, Abuse of Process; (iii) Count Six, Fraud; and (iv) Count Seven, Theft or Alteration of Records Process; False Bail. *See* Fifth Amended Complaint at 42-44.

The Court, having dismissed Plaintiff's federal law claims, declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses Plaintiff's state law claims without prejudice. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over

which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

<u>Plaintiff's Motion for Default Judgment as to Defendants Cobos and Lopez</u>

Plaintiff has filed a Motion for default judgment against Defendants Cobos and Lopez. *See* Plaintiff's Consolidated Motion for Default Judgment, Equitable Relief, and Preservation of Remaining Civil RICO and Federal Claims Against Defendants Billy Cobos and Jennifer Lopez, Doc. 202, filed May 26, 2026; Clerk's Entry of Default as to Billy Cobos and Jennifer Lopez, Doc. 200, filed May 13, 2026).

> [D]efault judgments are not automatic once a defendant has defaulted. *See Bixler v. Foster,* 596 F.3d 751, 762 (10th Cir. 2010) ("Once default is entered, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." (internal quotation marks omitted)). Thus, in determining whether to enter a default judgment, the district court could have conducted a hearing to establish the truth of [Plaintiff's] allegations. Fed. R. Civ. P. 55(b)(2)(C).

*Shell v. Henderson*, 622 Fed.Appx. 730, 733-34 (10th Cir. 2015).

The Court denies Plaintiff's Motion for Default Judgment as to Defendants Cobos and Lopez because, as discussed above, the Court has considered the facts alleged in the Fifth Amended Complaint, found that the Fifth Amended Complaint failed to state claims pursuant to federal law against Defendants Cobos and Lopez, and dismissed Plaintiff's claims against Defendants Cobos and Lopez without prejudice.

**The Torres Defendants**

The Torres Defendants represented Defendant Billy Cobos in the state-court case. *See* Fifth Amended Complaint at 11, ¶ 54 (stating attorney Stephen Matthew Torres entered his appearance as counsel in the state-court case as counsel for Billy Cobos).

The Torres Defendants moved for dismissal of Plaintiff's claims against them because "[s]ervice of process was never properly executed by the Plaintiff on these Defendants." Defendants Stephen Matthew Torres, Teresa Hanlon and Trujillo Dodd, Torres & O'Brien, LLC, d/b/a Family Law Firm, LLC's ("Torres Defendants") Joint Third Motion to Dismiss, Doc. 119, filed February 28, 2025. The Court denied the Torres Defendant's motion to dismiss Plaintiff's claims because, as discussed below, the Court began the service procedure. *See* Doc. 135, filed April 16, 2025.

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). After Plaintiff filed her Fifth Amended Complaint, United States Magistrate Judge Jennifer M. Rozzoni ordered the Clerk to request that the Torres Defendants waive service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. *See* Order, Doc. 132, filed April 4, 2025.

The Torres Defendants waived service of the summonses and accepted service of the Fifth Amended Complaint. *See* Waiver of the Service of Summons, Doc. 139, filed April 29, 2025. "A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent." Fed. R. Civ. P. 4(d)(3). The Clerk's Office sent a request for waiver on April 7, 2025, making the Torres Defendants' answer due on June 6, 2025. The Torres Defendants did not timely file an answer or motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

The Court ordered the Torres Defendants to file an answer to the Fifth Amended Complaint or a motion pursuant to Rule 12 of the Federal Rules of Civil Procedure. *See* Order Regarding Response to Fifth Amended Complaint at 2, Doc. 176, filed October 2, 2025.

The Torres Defendants filed a "Response" but did not identify whether the Response was an answer or a motion to dismiss. *See* Defendants' Joint Response to Fifth Amended Civil Rights Complaint Filed January 31, 2025, Doc. 179, filed October 8, 2025 ("Response"). The Court construes the Response as an answer because the Torres Defendants "deny all the numbered allegations" in the Fifth Amended Complaint. Response at 1. Although the Torres Defendants ask the Court to "[d]eny the relief requested by the Plaintiff in its entirety and dismiss this entire matter" the Court does not construe the Torres Defendants' Response as a motion to dismiss because the Torres Defendants did not cite legal authority supporting their request to deny the relief requested by Plaintiff. *See* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced").

The Court directs Judge Rozzoni to conduct proceedings regarding pretrial matters as to the Torres Defendants. The Court declines to evaluate the Fifth Amended Complaint for failure to state a claim pursuant to Section 1915(e)(2) as to the Torres Defendants because the Torres Defendants have appeared in this action. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it").

The Court has imposed filing restrictions on Plaintiff and listed several exceptions to the filing restrictions. *See* Order Imposing Filing Restrictions at 8, Doc. 156, filed June 24, 2025 (stating the Court may order additional exceptions later). The Court now orders the following

additional exception to the filing restrictions. Plaintiff may file documents related to her claims against the Torres Defendants. The Court reminds Plaintiff that failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Plaintiff's Motion to Compel Rulings on Ripe Matters**

The Court denies Plaintiff's Motion to Compel Rulings on Ripe Matters, Doc. 206, filed July 6, 2026, as moot. Plaintiff states that on May 5, 2026, she filed a request for Clerk's Entry of Default for Defendants Billy Cobos and Jennifer Lopez. *See* Motion to Compel at 1. Plaintiff is apparently referring to her Request for Clerk's Entry of Default filed on May 12, 2026. *See* Doc. 199. The Clerk entered the default of Defendants Cobos and Lopez the following day. *See* Entry of Default, Doc. 200, filed May 13, 2026.

Plaintiff asks the Court to issue a ruling on her Motion for default judgment against Defendants Cobos and Lopez, Doc. 202, filed May 26, 2026. *See* Motion to Compel at 2, 4. The Court is denying Plaintiff's Motion for default judgment against Defendants Cobos and Lopez with this Order.

Plaintiff also asks the Court to direct the Clerk to enter default against the Torres Defendants. *See* Motion to Compel at 3-4. As discussed above, while the Torres Defendants did

not timely file a response to the Fifth Amended Complaint by the June 6, 2025, deadline, the Court granted the Torres Defendants an extension of time and ordered the Torres Defendants to file an answer to the Fifth Amended Complaint or a motion pursuant to Rule 12 of the Federal Rules of Civil Procedure. *See* Order Regarding Response to Fifth Amended Complaint at 2, Doc. 176, filed October 2, 2025. The Torres Defendants have filed their Response to the Fifth Amended Complaint. *See* Doc. 179, filed October 8, 2025.

**IT IS ORDERED** that:

(i) Plaintiff's claims in the Fifth Amended Complaint against Defendants Billy Cobos and Jennifer Lopez are **DISMISSED without prejudice.**

(ii) Plaintiff's Consolidated Motion for Default Judgment, Equitable Relief, and Preservation of Remaining Civil RICO and Federal Claims Against Defendants Billy Cobos and Jennifer Lopez, Doc. 202, filed May 26, 2026, is **DENIED.**

(iii) Plaintiff may file documents related to her claims against the Torres Defendants.

(iv) Plaintiff's Motion to Compel Rulings on Ripe Matters, Doc. 206, filed July 6, 2026, is **DENIED as moot.**

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.